**FILED**

**JUN 1 3 2005**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Philip A. Browne :
15401 Langside Street
Silver Spring, MD 20905 :
    Plaintiff
                                   :

                                   CASE NUMBER 1:05CV01177    JURY ACTION
    Vs.                      : Ca ?    JUDGE: Richard W. Roberts
                                   :

Potomac Electric Power Company        DECK TYPE: Employment Discrimination
701 Ninth Street, NW                    :
Washington, DC 20068                    DATE STAMP: 06/13/2005
    Defendant                          :

COMPLAINT
(Retaliation)

JURISDICTION

1. Jurisdiction is founded upon 42 U.S.C. 2000, et seq., 42 U.S.C. 1981, 42 U.S.C. 1981a, D.C.Code 2-1401, et seq. and 28 U.S.C. 1332(a)

VENUE

2. Venue lies in this judicial district because the claim arose in this judicial district, and pursuant to 28 U.S.C. 1391(a)

3. Philip Browne, a black employee of Potomac Electric Power Company, was hired on February 21, 2001 as a Supervisor, Engineering Liaison.

4. September 10, 2003 Pepco posted a notice for the position of General Supervisor Distribution Support Services. Mr. Browne applied for the position but was not chosen.

5. May 6, 2004 Mr. Browne filed a complaint with the District of Columbia Office of Human Rights alleging he was denied the job because of racial discrimination.

6. July 14, 2004 a mediation was held by OHR. Pepco was represented at the mediation by Jill

1

Flack, Assistant General Counsel, and William Sigafoose, Manager of Underground Maintenance and Construction for the Pepco Region.

7. The mediation did not resolve Mr. Browne's complaint. Shortly after the mediation Kenneth Farrell, Manager of Distribution and transmission Engineering at pepco, informed Mr. Browne disciplinary action would be taken against him because of his inquiry regarding Renee Carter-Moten's failure to get an upgrade. Ms. Carter-Moten is supervised by Philip Browne.

8. July 16, 2004 Mr. Browne's counsel sent a letter to Jill Flack reminding her that the opposition clause of the 1964 Civil Rights Act prohibited retaliation against an employee who files a complaint. The letter incorrectly cited the statute as 42 U.S.C. 2000e-2(a)(1) when the correct citation is 42 U.S.C. 2000e-3(a).

9. July 29, 2004, Pepco sent Mr. Browne a Separation Agreement And General Release Of Claims. Mr. Browne did not execute the form.

10. August 29, 2004 Pepco initiated a meeting with Mr. Browne to let him know a Decision Making Leave would be issued against him.

11. September 2, 2004 Pepco issued Mr. Browne a Decision Making Leave for events that allegedly occurred April 16, 2004 and June 23, 2004.

12. One of the grounds pepco asserts for issuing the DML was Mr. Browne's communication with the union. Mr. Browne has asked pepco in writing for a copy of the policy concerning supervisors communicating with the union. He has not received any response.

13. Mr. Browne asked that the DML be removed from his file. It has not been removed.

14. Mr. Browne's 2004 performance appraisal has been downgraded from "outstanding" to "needs improvement". When he challenged the downgrade he was told this cannot be changed because of the DML in his personnel file.

## PUNITIVE DAMAGES

15. After being fully aware of its violation of the 1964 Civil Rights Act, Pepco continued to retaliate against Mr. Browne. That is grounds for punitive damages.

WHEREFORE, plaintiff prays that the court

1. Find that defendant violated 42 U.S.C. 2000, et seq, 42 U.S.C. 1981, and D.C.Code 2-1401 et seq.

2. Find that defendant retaliated against plaintiff.

3. Award prejudgment interest.

4. Award appropriate damages for punitive damages.

5. Award damages of not less than $1,000,000.

6. Award any other relief the court deems proper.

JURY DEMAND AS TO ALL ISSUES

Jerome E. Clair 207431
1200 G Street, NW
Suite 800
Washington, DC 20005
(202) 434-4558
Attorney for plaintiff