UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Philip Browne  :
Plaintiff

      :

V.  : CA No. 05-1177 (RWR)

Potomac Electric Power Company  :
Defendant  :

## PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS

Plaintiff opposes defendant's motion to dismiss for the following reasons:

1. Placing a written reprimand in plaintiff's personnel file is an adverse action for the purpose of making a prima facie claim of retaliation.

3. The participation and opposition clauses of Title VII prohibits pepco from retaliating against Mr. Browne for filing a complaint with the District of Columbia's Office of Human Rights.

4. Pepco has not satisfied the threshold requirements for requesting a motion to dismiss.

These issues will be more fully explained in the accompanying memorandum of points and authorities

_____
Jerome E Clair

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Philip Browne :
  Plaintiff
                                                 :

V.                                          : CA No. 05-1177 (RWR)

Potomac Electric Power Company    :
  Defendant                                    :

## STATEMENT OF THE CASE

1. February 21, 2001 Philip Browne was hired by pepco as a Supervisor, Engineering Liaison.

2. September 10, 2003 pepco posted a notice for the position of General Supervisor, Distribution Support Services. Mr. Browne applied for the position but was not chosen.

3. May 6, 2004 Mr. Browne filed a complaint with the District of Columbia's Office of Human Rights alleging he was denied the job because of racial discrimination.

4. July 14, 2004 a mediation was held by OHR. Pepco was represented at the mediation by Jill Flack, Assistant General Counsel and William Sigafoose, Manager of Underground Maintenance and Construction for the pepco region.

5. The mediation did not resolve Mr. Browne's complaint.

6. July 16, 2004 Kenneth Farrell, Manager of Distribution and Transmission Engineering, held a meeting with Mr. Browne and threatened to discipline him because of his activity on behalf of one of the people he supervises, Rene Carter-Moton.

7. July 16, 2004 attorney Clair sent a letter to Jill Flack reminding her that Mr. Farrell's actions are a violation of Title VII. (See attorney Clair's letter)

6. August 26, 2004 Mr. Browne was called to a meeting with Kenneth T. Farrell, William M.

1

Gausman and Eileen M. Appuglies to discuss a Decision Making Leave that would be issued against him for acts that allegedly occurred April 16, 2004 and June 23, 2004. One of these incidents involved Mr. Browne, a Supervisor, communicating with the collective bargaining unit.

7. Mr. Browne asked all three participants at the meeting, Mr. Farrell, Mr. Gausman and Ms. Appuglies for a copy of pepco's written policy prohibiting Supervisors from communicating with the collective bargaining unit. He never received a response to his request.

8. September 2, 2004 pepco issued Mr. Browne the DML.

9. Mr. Browne asked that the DML be removed from his file. It has not been removed.

10. Mr. Browne's 2004 performance appraisal has been downgraded from "outstanding" to "needs improvement". When he challenged the downgrade he was told this cannot be changed because of the DML in his personnel file.

## ARGUMENT

### Plaintiff has produced enough evidence to sustain a prima facie case of retaliation

At the 12(b)(6) stage, the court does not assess the truth of what is asserted or determine whether plaintiff has any evidence to back up what is asserted. The court accepts the plaintiff's factual allegations as true and construe the complaint liberally. *Browning V. Clinton*, 292 F.3d 235 (D.C. Cir. 2002) Even if the court accepts defendant's assertions, a violation of the law has occurred. In Defendant's Memorandum Of Points And Authorities In Support Of Its Motion To Dismiss at page 3 it reads "[p]epco reviewed the April and June incidents and, pursuant to its progressive discipline policy, issued a "Decision-Making Leave," of DML" on July 29, 2004. Decl. ¶¶ 12-13." Whatever the reason pepco provides for issuing the DML, it was issued after Mr.

2

Browne had filed his Title VII complaint on May 6, 2004. (See Browne Complaint ¶ 5, Browne affidavit ¶ 3) And that violates Section 2000e-3(a) which reads in pertinent part as follows:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

In order to make a prima facie case of retaliation the plaintiff need only show 1) that she engaged in a statutorily protected activity; 2) that the employer took an adverse personnel action; and 3) that a causal connection existed between the two. *Judge V. Marsh*, 649 F.Supp. 770, 782 (D.D.C. 1986). Mr. Browne's filing of the complaint of discrimination with the District of Columbia's Office of Human Rights was a statutorily protected activity. When pepco presented Mr. Browne with a Separation Agreement within three weeks after the mediation conference then followed that with the issuance of a Decision Making Leave one week later, that completed all of the elements necessary to make a prima facie case of retaliation. Moreover, the act of placing a written reprimand in plaintiff's file was an "adverse action" sufficient to establish a prima facie case of retaliation" *Johnson V. Dimario*, 14 F.Supp2d 107,110 (D.D.C.1998) This is all that is required to defeat the 12(b)(6) motion even where the underlying discrimination claim is not sustained. *Sias V. City Demonstration Agency*, 588 F.2d 692 (1978)

<u>Plaintiff has stated a claim of retaliation under 42 U.S.C. 1981</u>

Mr. Browne invoked this court's jurisdiction under 42 U.S.C. § 1981. The 1991 amendments to

this statute makes retaliation a cause of action under this section, *Andrews V. Lakeshore Rehabilitation Hosp.*, 140 F.3d 1405, 1413 (11th Cir. 1998) and the filing of an administrative charge is not a prerequisite to bringing the claim. *Patterson V. McLean Credit Union*, 419 U.S. 164.

In general "no particular type of personnel action [is] automatically excluded from serving as the basis of a cause of action" under Title VII, as long as the plaintiff is "aggrieved" by the action.

*Cones V. Shalala*, 199 F.3d 512,521 (D.C. Cir. 2000). Clearly Mr. Browne is aggrieved by having this DML in his personnel folder which places him under heightened scrutiny and subjects him to possible termination.

Because the principal underlying Title VII and section 1981 retaliation is the same, claims brought under 1981 are treated as though they were brought under Title VII, *Benson V. Little Rock Hilton Inn*, 742 F.2d 414. The principal stated in Cones V. Shalala applies equally to Mr. Browne's 1981 retaliation claim as if it were brought under Title VII.

## CONCLUSION

Only after discovery has been completed, which is prohibited at this stage of the proceedings by Fed.R.Civ. P. 26(d) and LCVR 26.2(a), will plaintiff be able to determine if pepco's stated policy denying supervisors the right to communicate with the bargaining unit is a pretext for discrimination. In any event, defendant's evidence fails to meet the standards established for granting a motion to dismiss.

For all of the foregoing reasons, plaintiff ask the court to deny pepco's motion to dismiss.



Jerome E. Clair
1200 G Street, NW
Suite 800
Washington, DC 20005
(202) 434-4558
Attorney for plaintiff

Philip Browne  :
  Plaintiff

              :

    V.  : CA No. 05-1177 (RWR)

Potomac Electric Power Company  :
  Defendant

## ORDER

This matter came before the court on defendant's motion to dismiss, and plaintiff's opposition;

The court having reviewed the pleadings and complete files and good cause appearing therefor it is ORDERED that defendant's motion to dismiss is denied.

Dated:_____

                                                   Richard W. Roberts
                                                   United States District Judge