# JEROME E. CLAIR
## ATTORNEY AT LAW

McGraw Hill Building
1200 G Street, N.W., Suite 800
Washington, DC 20005

Phone: (202) 434-4558   Fax: (202) 434-8707

July 16, 2004
Jill Flack
Assistant General Counsel
Potomac Electric Power Company
701 Ninth Street, NW
Washington, DC 20068

Re: Philip Browne

Dear Ms. Flack:

I am writing to ask that you inform Kenneth Farrell, Manager of Distribution and Transmission Engineering, that the opposition clause of 42 U.S.C. 2000e-2(a)(1) prohibits him from retaliating against Mr. Browne because of his filing of the complaint with the District of Columbia Office of Human Rights.

Mr. Browne filed his charge May 6, 2004 and that is the date his statutory protections began.

Mr. Browne informs me that Mr. Farrell intends to discipline him because he inquired about Rene Carter-Moton – one of the employees he supervises- failure to get a promotion when others similarly situated got promoted. This meeting with Mr. Farrell took place July 16, 2004 well after Mr. Browne's complaint was filed.

Unless there is some pepco policy prohibiting Mr. Browne's intervention on behalf of Ms. Carter-Moton, the action of Mr. Farrell can be viewed as a violation of the opposition clause.

I trust you will so inform Mr. Farrell and the statutory violations will cease.

Sincerely,

*Jerome E. Clair*

Jerome E. Clair

copy to: Philip Browne

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Philip Browne                                         :
   Plaintiff
                                                      :
      V.                                            : CA No 05-1177 (RWR)
                                                      :
Potomac Electric Power Company
   Defendant                                         :

AFFIDAVIT OF PHILIP BROWNE

1. I am a black employee with Potomac Electric Power Company (pepco). I was hired on February 21, 2001 as a Supervisor, Engineering Liaison.

2. September 10, 2003 pepco posted a notice for the position of General Supervisor Distribution Support Services. I applied for the position but was not chosen.

3. May 6, 2004 I filed a complaint with the District of Columbia's Office of Human Rights complaining that my denial of the job was based on racial discrimination in violation of the Civil Rights Act of 1964, as amended.

4. July 14, 2004 a mediation was held by the Office of Human Rights. Present at the mediation was me and my attorney. Also Jill Flack, Assistant General Counsel for pepco and William Sigafoose, Manager of Underground Maintenance and Construction for the pepco Region were present representing pepco.

5. The mediation did not resolve my complaint and on August 26, 2004, while my complaint was still pending before the Office of Human Rights, Kenneth T. Farrell called me into a meeting. Present also at the meeting were other members of pepco's management, William M. Gausman

1

and Eileen M Appuglies. The purpose of the meeting was to discuss a Decision Making Leave that would be issue against me for acts which alleged occurred April 16, 2004 and June 23, 2004.

7. I told the panel that my attorney had sent Jill Flack, Assistant General Counsel of pepco, a letter stating that any retaliation against me at this time would be a violation of Title VII of the Civil Rights Act. Their response was words to the effect that I should do whatever I had to do and they would do what they were going to do.

8. According to the participants at this meeting, one of the incidents involved me communicating with the collective bargaining unit.

9. I asked the three members of management present at that meeting to provide me with a copy of pepco's written policy prohibiting supervisors communicating with the bargaining unit. I have never received a response to my inquiry.

10. September 2, 2004 pepco issued its Decision Making Leave against me. The issuance of this DML placed me under heighten scrutiny by pepco's management for a period of 18 months.

11. October 14, 2004 pepco presented me with a Separation Agreement And General Release Of Claims". I did not execute and return to pepco this termination agreement.

12. I have asked pepco to remove the DML from my file but they have refused to do so.

13. My 2004 performance appraisal has been downgraded from "outstanding" to "needs improvement". When I challenged the downgrade I was told this cannot be changed because of the DML in my personnel file.

I declare under penalty of perjury that the foregoing is true and correct.

_Philip A. Browne_  
Philip A. Browne

Dated: 8 July 2005