UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP A. BROWNE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>POTOMAC ELECTRIC POWER )<br>COMPANY, )<br>)<br>Defendant. )<br>) | Case No. 1:05CV01177 (RWR) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Philip Browne has not made any sound argument why this case should survive dismissal under Fed. R. Civ. Proc. 12(b)(6). Plaintiff does not address at all the overwhelming authority relied on by Defendant Potomac Electric Power Company in its Motion, all of which conclusively establishes that his claim that he was retaliated against by Pepco should be dismissed.

    1.    <u>**Plaintiff Concedes That His Title VII Claim Should Be Dismissed.**</u>

As set forth in Pepco's Motion, Plaintiff failed to exhaust the required administrative remedies under Title VII before filing this lawsuit. Plaintiff's Opposition does not even address this argument, and Plaintiff, by his silence, concedes that his Title VII retaliation claim fails to state a claim.

    2.    <u>**Plaintiff's Retaliation Claim Fails Because He Has Not Alleged Any Cognizable Adverse Employment Action.**</u>

Plaintiff's claim of retaliation – whether under Title VII, Section 1981, or the DCHRA – should be dismissed in any event.

The Complaint alleges three adverse employment actions: (1) threatened discipline; (2) a lower performance appraisal than the one received in the previous year; and (3) a Decision-Making Leave ("DML"), a form of discipline. But, as set forth fully in the Motion, none of these three actions, even if true, can as a matter of law establish that Plaintiff has suffered an actionable "adverse employment action" while at Pepco. Significantly, the Opposition does not even seek to defend the first two actions as adverse employment actions, and Plaintiff has conceded that they are not actionable.

Instead, in the Opposition, Plaintiff argues only that his DML was an adverse employment action. Opposition, 2-4. In support, Plaintiff relies on Johnson v. DiMario, 14 F. Supp. 2d 107 (D.D.C. 1998), a case decided under a standard that is no longer applicable in this Circuit. In Johnson, the Court noted that, at that time, there was a Circuit split on what constituted an adverse employment action: several circuits had held that only "ultimate" employment decisions were actionable, while other circuits applied a more expansive standard and had held that adverse actions falling short of "ultimate" employment decisions could be actionable. Johnson, 14 F. Supp. 2d at 110. Johnson relied on the fact that this Circuit had yet to take a position on this issue, and it concluded that this Circuit would adopt the more expansive standard. Id. Applying the more expansive standard, Johnson held that written discipline constituted an adverse employment action. Id. at 110-11.

Significantly, since Johnson, the D.C. Circuit has clarified the standard that applies to determining whether conduct is a cognizable adverse employment action. In Brown v. Brody, 199 F.3d 446, 457 (D.C. Cir. 1999), the principal case relied upon in the Motion, the D.C. Circuit held that actions that are not ultimate employment decisions, such as the DML alleged by Plaintiff here, are actionable only if they have "materially adverse consequences affecting the

2

terms, conditions, or privileges of employment." Because the Johnson Court did not apply the "materially adverse" standard articulated by Brown – the standard which governs today, Johnson is no longer good law. 1/

Applying the proper standard as articulated in Brown, Plaintiff fails to allege (nor can he allege) that the DML had a "materially adverse" impact on the terms and conditions of his employment. Plaintiff alleges no materially adverse change in his salary, position, duties, or other terms and conditions of employment as a result of the DML. See Complaint. 2/ Indeed, as Brown itself held, disciplinary actions are not adverse employment actions. Brown, 199 F.3d at 450 (letter of admonishment to employee was not an adverse employment action); see also Hunter v. Ark Restaurants Corp., 3 F. Supp. 2d 9, 20 (D.D.C. 1998) (filing disciplinary write-ups against employee not adverse employment action). Moreover, the fact that a DML includes a one-day paid suspension does not make it an adverse employment action either. Boykin v. England, 2003 WL 21788953, at *4 n.5 (D.D.C. July 16, 2003) (temporary suspension with pay is not an adverse employment action); Dickerson v. SecTek, Inc., 238 F. Supp. 2d 66, 79-80 (D.D.C. 2002) (paid administrative leave is not an adverse employment action). Finally, to the extent that the DML is a higher level of discipline in Pepco's progressive discipline policy – but

---

1/    The other cases cited by Plaintiff in support of his retaliation claim do not address any contentious issue. In Cones v. Shalala, 199 F.3d 512, 520-21 (D.C. Cir. 2000), the D.C. Circuit applied Brown and held that a refusal to promote could be an adverse employment action. Not only is Cones unremarkable, but it also involves entirely different facts than here: a refusal to promote as opposed to written discipline. And in Sias v. City Demonstration Agency, 588 F.2d 692, 694-96 (9th Cir. 1978), the Ninth Circuit held that an employee can prevail on a retaliation claim even if the underlying activity about which he complained was not a violation of Title VII – a holding which is irrelevant here.

2/    As set forth in the Declaration of Eileen M. Appuglies (¶ 16), attached as Exhibit A to the Motion, Plaintiff remains employed at Pepco in the same position as before the DML, received a substantial pay raise effective March 1, 2005, and was paid $5670.37 under Pepco's Exempt Incentive Plan on April 1, 2005.

one that has not resulted in termination or otherwise affected his salary or grade – this does not make the DML into an adverse employment action. Hussain v. Principi, 344 F. Supp. 2d 86, 106-07 (D.D.C. 2004) (threat of termination is not adverse employment action); Boykin, 2003 WL 21788953, at *6 ("last chance agreement" placing employee on 18 months of probation in lieu of employment termination is not an adverse employment action under Brown). See also Mattern v. Eastman Kodak Co., 104 F.3d 702, 708 (5th Cir. 1997), cert. denied, 522 U.S. 932 (1997), (being placed on "final warning" does not constitute an adverse employment action).

In sum, Plaintiff has failed to allege any conduct that could possibly constitute an adverse employment action under applicable law in this Circuit, and for that reason, his retaliation claim should be dismissed.

    **3.    Plaintiff's Retaliation Claim Fails Because He Has Not Alleged Any Causal Connection between the Protected Activity and the Alleged Adverse Employment Action.**

Plaintiff's retaliation claim fails for the additional reason that the Complaint does not set forth any allegations of a causal connection between the protected activity and the alleged adverse employment actions, as the law requires. Plaintiff alleges that he filed a complaint on May 6, 2004 and that he was issued a DML four months later. Complaint, ¶¶ 5, 11. However, he alleges no causal connection between the two events. See Complaint. Indeed, Plaintiff's Opposition, contrary to well-settled law, seems to suggest that causation is not required to bring a retaliation claim: "Whatever the reason [P]epco provides for issuing the DML, it was issued after Mr. Browne had filed his Title VII complaint on May 6, 2004 . . . [a]nd that violates Section 2000e-3(a) . . . " Opposition, 2-3. Plaintiff's failure to allege any causal connection dooms his retaliation claim.

To the extent that Plaintiff asserts that the temporal proximity between the protected activity and the alleged adverse employment action shows a possible causal connection, his claim nonetheless fails. "[T]he Supreme Court has indicated that where 'mere temporal proximity' is the only evidence of causation, the proximity must be 'very close.'" Chandamuri v. Georgetown Univ., 274 F. Supp. 2d 71, 84-85 (D.D.C. 2003) (quoting Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001)). 3/ The temporal proximity here is four months (Complaint, ¶¶ 5, 11) and not "very close," and a four-month duration without any other evidence of causality is, as a matter of law, too great to state a claim for retaliation. "The Supreme Court cited cases where an adverse action taken three to four months after the alleged protected activity was insufficient temporal proximity to demonstrate a causal connection . . ." Chandamuri, 274 F. Supp. 2d at 85 (granting motion to dismiss retaliation claim) (citing Clark County, 532 U.S. at 273-74). See also Kwon v. Billington, 370 F. Supp. 2d 177, 187 (D.D.C. 2005) ("'[C]ourts generally hold that if at least four months pass after the protected activity without employer reprisal, no inference of causation is created.'") (quoting Woods v. Bentsen, 889 F. Supp. 179, 187 (E.D. Pa. 1995)). Plaintiff's retaliation claim should be dismissed for this reason too.

### Conclusion

For the reasons set forth in Pepco's Motion and herein, Pepco respectfully requests that the Court dismiss the Complaint herein.

---

3/    Chandamuri is a Title VI case, but it applies the retaliation standards developed under Title VII. Chandamuri, 274 F. Supp. 2d at 83-85.

          Respectfully submitted,


             /s/  William P. Flanagan
William P. Flanagan, #419287
Hogan & Hartson LLP
8300 Greensboro Drive, Suite 1100
McLean, Virginia  22102
(703) 610-6100 (phone)
(703) 610-6200 (fax)

Counsel for Defendant Potomac Electric Power Company

<u>Of Counsel:</u>

Jill D. Flack, #420020
Associate General Counsel
Potomac Electric Power Company
701 Ninth Street, N.W.
10th Floor
Washington, D.C.  20068


Dated: July 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2005, a true and accurate copy of the foregoing Reply in Support of Motion to Dismiss was mailed, first-class U.S. mail postage prepaid, to:

>Jerome E. Clair, Esq.
>1200 G Street, NW
>Suite 800
>Washington, D.C. 20005
>
>Counsel for Plaintiff

/s/ William P. Flanagan