UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Philip Browne                                    :
    Plaintiff

                                                 :

        V.                                       : CA No. 05-1177 (RWR

Potomac Electric Power Company                   :
    Defendant                                    :

MOTION FOR LEAVE TO FILE SURREPLY

Pepco's analysis of what constitutes
an adverse action is inconsistent with D.C. case law

Defendant relies on the 1999 D.C. Circuit case of *Brown V. Brody*, 199 F.3d 446 to support

its contention that pepco's actions regarding Philip Browne in the months after he filed his charge

with the D.C. Office of Human Rights do not constitute an adverse action. In the Brown case,

which pepco relies on, plaintiff did not file her informal charge of retaliation until after her

evaluation had been completed. Whereas Philip Brown, plaintiff in the present case, filed his

charge with the Office of Human Rights before the DML was issued against him. Also in 2002 the

D.C. Circuit decided *Forrkio V. Powell,* 306 F.3d 1127 (D.C. Cir 2002) in which it sets the

standard for an adverse action in a retaliation case stating:

> An employee suffers an adverse employment action if he experiences materially adverse
>
> consequences affecting the terms, conditions, or privileges of employment or future
>
> employment opportunities such that a reasonable trier of fact could find objectively
>
> tangible harm (Emphasis added).

Philip Browne has already suffered a materially adverse future employment opportunity. He

has been issued a Decision Making Leave. Because of this DML he was unable to challenge the

1

downgrading of his performance appraisal. (Browne Affidavit ¶13) He must also perform at a

"fully acceptable" level or be terminated. (Eileen M. Appuglies Declaration ¶ 15)

Incidentally, this plain language of what constitutes an adverse action is quoted in *Browne V.*

*Brody,* 199 F.3d 446.

Plaintiff is not required to file
another administrative charge

A private discrimination plaintiff may litigate in court those claims "like or reasonable related

to the allegations of the charge and growing out of such allegations that were contained in the

EEOC charge. *E.E.O.C.  V. St Michael Hosp of Franciscan Sisters,* 6 F.Supp2d 809 (E.D.Wis

1998) It is both reasonable and common-place for claims of retaliation to grow out of a racial

discrimination complaint. In 1997, which is the latest year for which data is available, 36.2% of all

retaliation cases filed with EEOC related to racial discrimination. Retaliation is closely related to

allegations of racial discrimination. Since race discrimination was the core of Philip Browne's

charge before the District of Columbia's Office of Human Rights (see attached charge of

discrimination), it is reasonable to assume that retaliation would grow out of such a charge.

Therefore retaliation based on Title VII and the District of Columbia's Human Rights law, may be

litigated before this court based on Philip Browne's racial discrimination charge before the D.C.

OHR without having to file another administrative complaint.

It is the province of the jury to decide if there is a causal
connection between filing a charge and retaliation

Philip Browne filed his original complaint with the District of Columbia's Office of Human

Rights May 6, 2004. The OHR did not schedule a conciliation hearing until July 16, 2004. At the

2

close of the conciliation hearing and on the very same day, Kenneth Farrell held a meeting with plaintiff and threatened disciplinary actions. In September pepco issued its Decision Making Leave. Whether this act was close enough in temporal proximity to constitute retaliation is a matter to be decided by the jury. In *Mathur V. Board of Trustees Of Southern Ill. Univ.*, 207 F.3d 938 (7th Cir. 2000) plaintiff filed his charge in March 1994 and he was removed from his position as chair of the department thirteen months later in April 1995. The jury found, and the court of appeals affirmed, there was a close enough causal connection to uphold retaliation. The question of causal connection is not a matter for the court to initially decide in a 12(b)(6) motion but rather should be left for the jury. *Kim V. Nash Finch Co.*, 123 F.3d 1046 (8th Cir. 1997)

The function of the prima-facia case is to ensure that the plaintiff "establish facts adequate to permit an inference of retaliatory motive". *Mitchell V. Baldridge,* 759 F.2d 80, 86 (D.C. Cir. 1985) and Philip Browne has done that.

Jerome E. Clair
1200 G Street, NW
Suite 800
Washington, DC 20005
(202) 434-4558
Attorney for plaintiff

3

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ FEPA | |
| ☐ EEOC | |

_____ D.C. Office Of Human Rights _____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Philip A. Browne | (301) 879-8519 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 15401 Langside Street, Silver Spring, MD 20905 | 08/25/1949 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Potomac Electric Power Company | Cat D (501 +) | (202) 872-2415 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 701 9th Street, N. W.., Rm. 9212, Washington, DC 20068 | 001 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | EARLIEST          LATEST |
| ☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify)* | 11/03/2003   11/03/2003 |
| | ☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*:

I believe that I was discriminated against on the basis of my race (Black) when I was denied a promotion in my employment. The particulars are:

I was hired on February 21, 2001 as a Supervisor, Engineering Liaison. My last performance evaluation was for the year of 2003 and was rated as "good". I applied for a promotion to the position of General Supervisor Distribution Support Services on September 10, 2003 and was denied the promotion on November 3, 2003.

The person selected for the promotion was a White male who has little supervisory experience, no college degree, and less applicable work experience than I have. I have significant supervisory experience, a college degree, and significant applicable work experience, all qualifications that were listed as requirements on the job announcement.

When I questioned the process of selection in a letter sent within two weeks of my non-selection in November 2003 and again on March 31, 2004, I received no adequate response. I believe the process was discriminatory because Respondent has been cited for being discriminatory against minorities in the past.

Therefore, I charge Respondent with discrimination against me on

** Text is Continued on Attached Sheet(s) **

Aurelia L. Spann
Notary Public, District of Columbia
My Commission Expires 12-14-2006

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *(When necessary for State and Local Requirements)* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | *Philip A. Browne* |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) |
| *PB* | *May 6, 2004*   *Aurelia L. Spann* |
| Date          Charging Party *(Signature)* | |

EEOC FORM 5 (Rev. 07/99)

CHARGING PARTY COPY

May 06 13:49 2004  CP Initials _____  Chg # , Attachment Page 1

-----------------------------------------------------------------------
Equal Employment Opportunity Commission
Form 5 - Charge of Discrimination, Additional Text
-----------------------------------------------------------------------


the basis of my race when Respondent failed to select me for a
promotion in violation of Title VII of the Civil Rights Act of
1964, as amended.  I have not commenced any other action, civil,
criminal, or administrative in any other forum based on the same
unlawful discriminatory practice described herein.