UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP A. BROWNE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>POTOMAC ELECTRIC POWER<br>COMPANY,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:05CV01177 (RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION FOR LEAVE TO FILE SURREPLY

Defendant Potomac Electric Power Company ("Pepco") hereby opposes Plaintiff Philip A. Browne's July 22, 2005 Motion for Leave to File Surreply ("Plaintiff's Motion"). Although captioned a "Motion," Plaintiff's filing is nothing more than an inappropriate surreply. In fact, Plaintiff fails to set forth a single reason why he should be granted leave to file a surreply – and the filing should be denied on this basis alone. In addition, surreplies are permitted only to address new matters raised in reply briefs. Here, Pepco's Reply in Support of its Motion to Dismiss did not raise new matters justifying a surreply.

### BACKGROUND

Plaintiff, a current employee, alleges that Pepco retaliated against him in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.), the District of Columbia Human Rights Act (D.C. Code Ann. §§ 2-1401, et seq.), and Section 1981 (42 U.S.C. §§ 1981 and 1981a). Pepco filed a Motion to Dismiss, arguing that Plaintiff's Title VII claim failed because he did not exhaust required administrative remedies and that his retaliation claim

failed generally because the conduct alleged by him did not rise to the level of an adverse employment action and there were no allegations of a causal connection between his protected activity and the alleged adverse employment action. Plaintiff filed an Opposition to Pepco's Motion, and Pepco filed a Reply in Support of its Motion. Accordingly, Pepco's Motion was fully briefed.

## ARGUMENT

### 1. Plaintiff's Motion Is Deficient.

Plaintiff titles his filing as a "Motion for Leave to File Surreply," but the filing can hardly be characterized as a motion. As an initial matter, Plaintiff did not include a proposed order with his filing or seek to confer with Pepco prior to filing, as required by Local Civil Rules 7(c) and 7(m), respectively. Moreover, Plaintiff electronically filed the filing as a "Surreply," and not as a "Motion." 1/ And most significantly, Plaintiff's filing sets forth no reason why Plaintiff should be granted leave to file a surreply. Despite Local Civil Rule 7(a)'s requirements, Plaintiff fails to set forth the standard for granting leave to file a surreply or any facts or authority in support of granting leave to him to file a surreply. Plaintiff's filing is a surreply with the words "Motion for Leave" merely included in its title.

Because of these deficiencies, Plaintiff's Motion should be denied and his filing should be stricken as improper.

### 2. Because Pepco's Reply Did Not Raise New Matters, There Is No Basis for Permitting a Surreply Here.

With respect to motions, Local Civil Rule 7 provides for the filing only of an opposition brief by the non-movant and a reply brief by the movant. Surreplies are not permitted unless leave of court is given. Robinson v. The Detroit News, Inc., 211 F. Supp. 2d 101, 113

---

1/   On July 25, the Court corrected this error and re-filed Plaintiff's filing as a "Motion."

2

(D.D.C. 2002) (striking unauthorized surreply). Leave to file a surreply is granted "'only to address new matters raised in a reply, to which a party would otherwise be unable to respond.'" U.S. v. Baroid Corp., 346 F. Supp. 2d 138, 143 (D.D.C. 2004) (quoting U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002)) (motion for leave to file surreply denied because reply brief did not raise a "truly new" matter).

Here, Pepco's Reply did not raise any new matters justifying a surreply. Plaintiff's Motion makes three arguments in opposition to Pepco's Motion to Dismiss. Each of Plaintiff's three arguments (Pepco addresses each in turn below) responds to a matter raised by Pepco in its initial Motion to Dismiss (not in the Reply), and each could have been made by Plaintiff in his Opposition.

     i.    Plaintiff argues that Pepco's reliance on Brown v. Brody, 199 F.3d 446 (D.C. Cir. 1999), is "inconsistent with D.C. case law." Plaintiff's Motion, 1. Plaintiff suggests that Forkkio v. Powell, 306 F.3d 1127 (D.C. Cir. 2002), sets forth the applicable standard, and he quotes what he asserts to be the applicable standard from Forkkio. Plaintiff's Motion, 1 (quoting Forkkio, 306 F.3d at 1131). Plaintiff is wrong. Forkkio did not change the standard that D.C. federal courts apply when determining whether conduct constitutes an adverse employment action. Forkkio repeatedly cites Brown and plainly applies the standard set forth in Brown. See Forkkio, 306 F.3d at 1130-32. Moreover, the language quoted by Plaintiff from Forkkio (see Plaintiff's Motion, 1) directly recites the standard set forth in Brown. In fact, the full sentence from Forkkio, of which Plaintiff quotes only a part, reads as follows:

> Relying on these two factors, we announced in Brown: an employee suffers an adverse employment action if he experiences materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm. Brown, 199 F.3d at 457.

Forkkio, 306 F.3d at 1131. There is no doubt, as Forkkio confirmed, that Brown sets forth the applicable standard. In any event, Pepco relied heavily on Brown in its Motion and did not raise Brown or Brown's standard for the first time in its Reply. See Pepco's Memorandum in Support of its Motion to Dismiss ("Pepco's Memorandum"), 7-9. There is no reason, and Plaintiff has not asserted any, why he could not have made this argument in his Opposition.

        ii.    Plaintiff argues that he was not required to file an administrative charge with the EEOC prior to filing this retaliation lawsuit because he had previously filed a charge with the EEOC alleging discrimination. Plaintiff's Motion, 2. 2/ Pepco argued in its Motion to Dismiss that Plaintiff's Title VII claim was barred for failure to exhaust administrative remedies. Pepco's Memorandum, 5-6. Plaintiff, in his Opposition, did not address this argument or defend his Title VII claim. See Plaintiff's Opposition. Pepco noted in its Reply that Plaintiff, by his silence, had conceded this argument. Pepco's Reply, 1. Although Pepco squarely presented this argument in its Motion, Plaintiff chose not to address it. See Plaintiff's Opposition. Accordingly, because this too is not a new matter, it provides no basis for permitting a surreply.

        iii.    Plaintiff now argues that the question of whether there is a causal connection between his protected activity and the alleged adverse employment action is an issue for a jury to decide. Plaintiff's Motion, 2-3. 3/ Pepco argued in its Motion to Dismiss that

---

2/    The sole case that Plaintiff cites in support of this argument is a Wisconsin federal court case, E.E.O.C. v. St. Michael Hosp. of Franciscan Sisters, Milwaukee, 6 F. Supp. 2d 809 (E.D. Wisc. 1998), which predates Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). See Plaintiff's Motion, 2. As set forth in Pepco's Motion to Dismiss, the precedent of this Court, particularly in light of Morgan, requires Plaintiff to have exhausted his administrative remedies prior to filing his Title VII retaliation lawsuit. See Pepco's Memorandum, 5-6.

3/    Plaintiff cites no D.C. federal court cases in support of his argument that this determination must be left to a jury, and the one D.C. case cited by him, Mitchell v. Baldridge, 759 F.2d 80 (D.C. Cir. 1985), is cited merely to show the "function" of a prima facie case of retaliation. See Plaintiff's Motion, 2-3. In any event, Plaintiff's argument that solely a jury can decide whether there is a causal connection between protected activity and alleged adverse

4

Plaintiff failed to state a claim for retaliation because he failed to allege such a causal connection. Pepco's Memorandum, 7. In his Opposition, Plaintiff argued in conclusory fashion that causation should be presumed and that the timing of certain alleged events was sufficient to show causation. See Opposition, 2-3. In its Reply, Pepco responded to Plaintiff's arguments, including by showing that the timing of alleged events here was insufficient to demonstrate causation. See Pepco's Reply, 4-5. Pepco simply has not asserted any new matter in its Reply justifying a surreply.

## **CONCLUSION**

Pepco's Motion to Dismiss has been fully briefed and is ripe for decision. There is no basis for yet another filing by Plaintiff. Accordingly, Pepco respectfully requests that the Court deny Plaintiff's Motion for Leave to File Surreply and strike the filing from the record.

---

employment action is not correct. This Court routinely dismisses retaliation claims where the plaintiff fails to allege or cannot allege sufficient causal connection. See, e.g., Rochon v. Ashcroft, 319 F. Supp. 2d 23, 32 (D.D.C. 2004) (dismissing retaliation claim because, among other reasons, plaintiff cannot demonstrate "a valid causal connection"); Carter v. Greenspan, 304 F. Supp. 2d 13, 30 (D.D.C. 2004) (dismissing retaliatory termination claim for lack of causation); Chandamuri v. Georgetown Univ., 274 F. Supp. 2d 71, 84-85 (D.D.C. 2003) (dismissing retaliation claim because plaintiff will not be able to establish a causal connection).

5

                                        Respectfully submitted,

                                        _____/s/ William P. Flanagan_____
                                        William P. Flanagan, #419287
                                        Hogan & Hartson LLP
                                        8300 Greensboro Drive, Suite 1100
                                        McLean, Virginia 22102
                                        (703) 610-6100 (phone)
                                        (703) 610-6200 (fax)

                                        Counsel for Defendant Potomac Electric
                                        Power Company

<u>Of Counsel:</u>

Jill D. Flack, #420020
Associate General Counsel
Potomac Electric Power Company
701 Ninth Street, N.W.
10th Floor
Washington, D.C. 20068


Dated: August 2, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP A. BROWNE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>POTOMAC ELECTRIC POWER )<br>COMPANY, )<br>)<br>Defendant. )<br>) | Case No. 1:05CV01177 (RWR) |

ORDER

Upon consideration of Plaintiff's Motion for Leave to File Surreply, Defendant's Opposition thereto, and the entire record herein, it is hereby

ORDERED that Plaintiff's Motion Be, and the same hereby Is, DENIED; and it is further

ORDERED that Plaintiff's "Motion for Leave to File Surreply" Be, and the same hereby Is, STRICKEN FROM THE RECORD.

SO ORDERED THIS _____ DAY OF _____, 2005.

_____
The Honorable Richard W. Roberts
United States District Court Judge

COPIES TO:


Jerome E. Clair
1200 G Street, NW
Suite 800
Washington, D.C. 20005
(202) 434-4558

Counsel for Plaintiff Philip A. Browne


William P. Flanagan (#419287)
HOGAN & HARTSON LLP
8300 Greensboro Drive, Suite 1100
McLean, VA 22102
(703) 610-6100
(703) 610-6200 (fax)

Counsel for Defendant Potomac Electric Power Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2005, a true and accurate copy of the foregoing Opposition to Motion for Leave to File Surreply was mailed, first-class U.S. mail postage prepaid, to:

>Jerome E. Clair, Esq.
>1200 G Street, NW
>Suite 800
>Washington, D.C. 20005
>
>Counsel for Plaintiff

/s/ William P. Flanagan