UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Philip Browne                           :
   Plaintiff

V.                                    : CA No. 05-1177 (RWR)

Potomac Electric Power Company     :
   Defendant                            :

### PLAINTIFF'S MOTION FOR RELIEF FROM ORDER

Pursuant to Federal Rule of Civil Procedure 60(b)(6) and local rule 7 plaintiff moves this court for an order setting aside the order issued September 19, 2005 denying the motion for leave to file a surreply.  Plaintiff should be granted relief from this order because:

I

Defendant raised for the first time the sweeping allegation contained on page 4 of Defendant's Reply In Support of Motion To Dismiss that "Plaintiff has failed to allege any conduct that could possibly constitute an adverse employment action under applicable law in this circuit..." Plaintiff responded in his surreply at page 1 that future employment opportunities must be considered in determining if retaliation has occurred. This narrow issue had never been addressed before by plaintiff or defendant.

II

In the alternative, the court should take notice of the law contained in the surreply. *U.S. Ex Rel. Pogue V. Diabetes Treatment Centers*, 238 F.Supp.2d 270,277 (D.D.C. 2002)

Federal Rule of Civil Procedure 1 reads:

1

> These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

Although neither the Federal Rules of Civil Procedure nor the local rules address a motion to file a surreply, *Robinson V. Detroit News, Inc.*, 211 F.Supp.2d 101 (D.D.C. 2002), the filing is clearly procedure. *Hanna V. Plumer* 380 U.S. 460. This circuit in quoting *Hormel V. Holvering*, 312 U.S. 552 has stated "[r]ules of Practice and procedure are devised to promote the ends of justice, not defeat them". *Leedom V. International Brotherhood of Elec. Wkrs.*, 278 F.2d 237,244. The ends of justice are not promoted by this court's denying plaintiff's Motion for leave to file surreply. The complaint filed by Philip Browne before the District of Columbia's Office of Human Rights and the case law in *E.E.O.C. V. St. Michael Hosp. Of Franciscan Sisters*, 6 F.Supp. 2d 808 regarding its application to the issue of this court's jurisdiction to hear and decide the Title VII and District of Columba violations, are important in providing the court with a more complete picture of this controversy.

Pepco is not prejudiced or surprised by this OHR complaint. It has long been aware of the complaint because it participated in the mediation conference held July 14, 2004 at the Office of Human Rights and received the letter from attorney Clair regarding the violations of Title VII after the complaint was filed.. The posture of this case is unlike *U.S. Ex Rel., Pogue V. Diabetes Treatment Centers*, 238 F.Supp. 2d 270 where the case had proceeded to discovery. The present case has not gotten to the local rule 16.3 conference.

If the court refuses to grant the surreply motion, plaintiff ask (1)that it take notice of the issues

of law raised in *Forrkio V. Powell*, 306 . 3d 1127 which take into account the future employment opportunities of Philip Browne in deciding if retaliation has occurred; (2) the *E.E.O.C. V. St Michael Hosp. Of Franciscan Sisters*, 6 F.Supp. 2d 809 opinion giving this court jurisdiction to hear the Title VII and D.C. Human Rights violations, and (3) *Kim V. Nash Finch Co.*, 123 F.3d 1046 which allows the jury to decide if there was a close enough causal connection between the filing of the complaint and the retaliatory acts. *U.S. Ex Rel Pogue V. Diabetes Treatment Centers*, 238 F. Supp.2d 270,277 states it would be "patently unjust" to ignore these decisions.

This motion is not barred because it is made within one year of the date of entry of the order in question.

Counsel for plaintiff called pepco's attorney who said he will oppose this motion.

## Supporting Documents

This motion is based on this document, including the memorandum of Law, and all of the pleadings, papers, and other records on file in this action.

*/s/ Jerome E. Clair*
Jerome E. Clair
1200 G Street, NW
Suite 800
Washington, DC 20005
(202) 434-4558
attorney for plaintiff