## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
**PHILIP A. BROWNE,**                                    )
)
                **Plaintiff,**               )
)
      **v.**                                          )    **Case No. 1:05CV01177 (RWR)**
)
**POTOMAC ELECTRIC POWER**           )
**COMPANY,**                                          )
)
              **Defendant.**             )
_____)

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION FOR RELIEF FROM ORDER

There is no basis for Plaintiff Philip A. Browne's Motion for Relief from Order ("Motion for Relief"), in which he asks the Court to reconsider its September 19 denial of his Motion for Leave to File Surreply ("Surreply Motion"). Not only does Plaintiff cite the wrong standard for relief, but he utterly fails to set forth <u>any</u> reason why the Court should grant the Motion for Relief. In fact, the Motion for Relief merely re-hashes the arguments made in the Surreply Motion – each of which the Court has rejected.

### 1.      <u>Background.</u>

Defendant Potomac Electric Power Company ("Pepco") filed a Motion to Dismiss Plaintiff's claims, and it was fully briefed. Plaintiff nevertheless filed what he called a "Motion" for Leave to File Surreply. Despite its title, the Surreply Motion was not a motion at all, and Plaintiff set forth no reasons why he should be granted leave to file a surreply. Rather, Plaintiff simply submitted an improper surreply in which he raised arguments that could have been raised in his Opposition to Pepco's Motion to Dismiss. The Court denied Plaintiff's Surreply Motion on September 19, 2005. Plaintiff now seeks relief from the Court's September 19 order, but his Motion for Relief is entirely groundless.

2.      **Plaintiff Sets Forth No Reason Why The Court**
        **Should Reverse Its September 19 Order.**

As an initial matter, Plaintiff cites Federal Rule 60(b)(6) as the standard applicable to his Motion for Relief.  This is the wrong rule.  Where, as here, a motion for relief from a court's order is filed within 10 days of the entry of the challenged order, courts review the motion under Rule 59(e), not Rule 60(b).  See Fed. R. Civ. P. 59(e); Lightfoot v. District of Columbia, 355 F. Supp. 2d 414, 420-21 (D.D.C. 2005). 1/

Motions under Rule 59(e) are disfavored and are only granted in extraordinary circumstances.  Neidermeier v. Office of Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).  In short, there must be an "intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice" in order to grant Rule 59(e) motions.  Lightfoot, 355 F. Supp. 2d at 421 (quoting Anyanwutaku v. Moore, 151 F.3d 1052, 1057 (D.C. Cir. 1998)).  This Court has held that clear error is a "very exacting standard" and that manifest injustice "does not exist where…a party could easily have avoided the outcome, but instead elected not to act until after a final order had been entered."  Lightfoot, 355 F. Supp. 2d at 422.

Plaintiff has not satisfied this stringent standard.  He appears to suggest that his Motion for Relief should be granted because Pepco allegedly raised a new issue in its Reply in Support of its Motion to Dismiss.  In fact, Pepco did not raise any new issues in its Reply.  See Pepco's Opposition to Plaintiff's Surreply Motion, 3-5.  But even if it did, Plaintiff had ample opportunity make this argument in his Surreply Motion.  Indeed, Plaintiff's Motion for Relief does nothing but restate the exact same arguments that he made

---

1/      In any event, Plaintiff's Motion for Relief fails under Rule 60(b)(6)'s exacting standard for the same reason it fails under the Rule 59(e) standard.  See, e.g., Johnson v. Ashcroft, 223 F. Supp. 2d 116, 117 (D.D.C. 2002); Adair v. England, 209 F.R.D. 1, 4 (D.D.C. 2002).

2

in his Surreply Motion. 2/  Thus, not only has Plaintiff failed to cite new law, identify new evidence, or argue how the Court's Order constitutes clear error or manifest injustice, but in fact, he has used his motion for reconsideration in exactly a way that courts have found improper – as a second chance to repeat losing arguments and raise issues that he could have raised at an earlier time.  See Kattan v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993) (Rule 59(e) may not be used to raise new issues that could have been raised previously); Lightfoot, 355 F. Supp. 2d at 421 (Rule 59(e) motion is not a second opportunity to present arguments upon which the court has already ruled); New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled").

        In any event, this Court's denial of Plaintiff's Surreply Motion was nothing more than a procedural decision regarding the briefing of a motion.  District courts enjoy wide discretion over matters of trial management and scheduling.  See In re United States Dep't of Def., 848 F.2d 232, 238 (D.C. Cir. 1988) (district judge is vested with broad discretion over trial management tactics); see also Jones v. Clinton, 72 F.3d 1354, 1361 (8th Cir. 1996) (trial court has broad discretion to control the scheduling of events in matters on its docket).  Plaintiff has not presented any reason why this Court should reconsider its exercise of discretion in this matter.

---

2/        Plaintiff cites Forkkio v. Powell, 306 F.3d 1127 (D.C. Cir. 2002) as the standard for adverse employment actions; E.E.O.C. v. St. Michael Hosp. of Franciscan Sisters, Milwaukee, 6 F. Supp. 2d 809 (E.D. Wis. 1998) as the standard for exhaustion of administrative requirements under Title VII; and Kim v. Nash Finch Co., 123 F.3d 1046 (8th Cir. 1997) as standing for the proposition that causal connection questions should be left to a jury.  Each of these cases was cited in Plaintiff's Surreply Motion, and Pepco fully explained in its Opposition to Plaintiff's Surreply Motion why each is either inapposite or otherwise does not support Plaintiff's arguments.

3

**CONCLUSION**

Not only has Plaintiff previously had ample opportunity to raise the issues he presents in his Motion for Relief, but his motion does nothing but restate arguments he has already made.  He has not presented any reason why this Court should grant his Motion for Relief, let alone any reason that satisfies the exacting standards of Rule 59(e).  Accordingly, Pepco respectfully requests that the Court deny Plaintiff's Motion for Relief.

Respectfully submitted,

_____/s/  William P. Flanagan_____
William P. Flanagan, #419287
HOGAN & HARTSON LLP
8300 Greensboro Drive, Suite 1100
McLean, Virginia  22102
(703) 610-6100 (phone)
(703) 610-6200 (fax)
Counsel for Defendant
Potomac Electric Power Company

Of Counsel:

Jill D. Flack, #420020
Associate General Counsel
Potomac Electric Power Company
701 Ninth Street, N.W.
10th Floor
Washington, D.C.  20068

Dated:  October 7, 2005

\\\MC - 04170/0131 - 322863 v4

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October, 2005, a true and accurate copy of the foregoing Opposition to Motion for Relief from Order was mailed, first-class U.S. mail, postage prepaid, to:

Jerome E. Clair, Esq.
1200 G Street, N.W.
Suite 800
Washington, D.C.  20005

Counsel for Plaintiff

_____/s/  William P. Flanagan_____