UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**PHILIP BROWNE,**                  )
                                    )
       **Plaintiff,**          )
                                    )
  v.                                )   Civil Action No. 05-1177 (RWR)
                                    )
**POTOMAC ELECTRIC POWER**          )
**COMPANY,**                        )
                                    )
       **Defendant.**          )
_____)

### MEMORANDUM OPINION AND ORDER

Plaintiff Philip Browne brought this action against Potomac Electric Power Company ("Pepco") alleging retaliatory discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 1981, and the D.C. Human Rights Act ("DCHRA"). Pepco has filed a motion to dismiss, arguing that Browne failed to allege that he administratively exhausted his Title VII claim and, in any event, failed to allege an adverse personnel action for each of his retaliation claims. Because Browne has failed to allege exhaustion of administrative remedies with respect to his Title VII claim, that claim will be dismissed without prejudice. Because Browne properly alleges materially adverse actions to support his claim of retaliation under § 1981 and the DCHRA, Pepco's motion to dismiss with respect to those claims will be denied.

- 2 -

BACKGROUND

According to the complaint, Browne is a Supervisor, Engineering Liaison for Pepco and is black. (Compl. ¶ 3.) In September 2003, Pepco posted notice of an opening for a General Supervisor, Distribution Support Services. Browne applied for the position but was not selected. (Id. ¶ 4.) In May 2004, Browne filed a complaint with the District of Columbia Office of Human Rights ("OHR") alleging that his non-selection was due to racial discrimination. (Id. ¶ 5.) OHR held a mediation session between Pepco and Browne in July 2004 to try to resolve Browne's complaint, but without success. (Id. ¶¶ 6, 7.) Shortly after the mediation session, Pepco informed Browne that disciplinary action would be taken against him because of an inquiry he made into why his subordinate failed to get an upgrade. (Id. ¶ 7.) Browne's counsel responded by sending a letter to an Assistant General Counsel of Pepco, notifying her that retaliation against an employee for filing a discrimination claim was prohibited by law. (Id. ¶¶ 6, 8.) In September 2004, Pepco issued a Decision Making Leave ("DML")[1] against Browne allegedly because, among other reasons, Browne communicated with the union. (Id. ¶¶ 10-12.) In addition, Browne's 2004 performance appraisal was

---

[1] The complaint does not make it entirely clear what a DML is, but it can be reasonably inferred from the complaint that it is a form of employee discipline.

- 3 -

downgraded from "outstanding" to "needs improvement."  (Id. ¶ 14.)

In June 2005, Browne filed this suit alleging unlawful retaliation in violation of Title VII, 42 U.S.C. § 1981, and the DCHRA.  Pepco has moved to dismiss Browne's claims, arguing that Browne failed to allege administrative exhaustion of his Title VII claim and, in any event, failed to allege an adverse personnel action for all of his retaliation claims.

## DISCUSSION

"A Rule 12(b)(6) motion is intended to test the legal sufficiency of the complaint.  But the complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests.  Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.  In light of these liberal pleading requirements, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citations and internal quotation marks omitted).

- 4 -

In considering a Rule 12(b)(6) motion, a court must accept all the allegations in a plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. <u>Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan</u>, 115 F.3d 1020, 1027 (D.C. Cir. 1997). "Dismissal under Rule 12(b)(6) is proper when, taking the material allegations of the complaint as admitted, and construing them in plaintiff['s] favor, the court finds that the plaintiff[] ha[s] failed to allege all the material elements of [his] cause of action." <u>Weyrich v. The New Republic, Inc.</u>, 235 F.3d 617, 623 (D.C. Cir. 2001) (internal quotation marks and citations omitted) (quoting <u>Taylor v. FDIC</u>, 132 F.3d 753, 761 (D.C. Cir. 1997)).

I.   ADMINISTRATIVE EXHAUSTION OF TITLE VII CLAIM

"Title VII requires that a [non-federal employee] complaining of a violation file an administrative charge with the [Equal Employment Opportunity Commission ("EEOC")] and allow the agency time to act on the charge.  Only after the EEOC has notified the aggrieved person of its decision to dismiss or its inability to bring a civil action within the requisite time period can that person bring a civil action herself." <u>Park v. Howard Univ.</u>, 71 F.3d 904, 907 (D.C. Cir. 1995).  Failure to allege exhaustion of these administrative remedies for Title VII claims will result in the dismissal of the claims without prejudice.  See <u>Brewer v. Cleveland Mun. Sch. Dist.</u>, 84 Fed.

- 5 -

Appx. 570, 572 (6th Cir. 2003); Jones v. District of Columbia, 273 F. Supp. 2d 61, 64 (D.D.C. 2003).

Here, Browne has not alleged, as he must to state a claim under Title VII, that he timely contacted the EEOC concerning his claim of retaliation.[2]  Therefore, his Title VII claim will be dismissed without prejudice.

II.  DCHRA AND § 1981 CLAIMS

To state a claim of retaliation under the DCHRA or § 1981, a plaintiff must show (1) that he engaged in statutorily protected activity; (2) that the employer took materially adverse action such that the action would dissuade a reasonable employee from making or supporting a charge of discrimination; and (3) that a causal connection existed between the protected activity and the employer action.  See Burlington N. & Santa Fe Ry. Co. v. White, No. 05-259, 2006 WL 1698953, at *3 (U.S. June 22, 2006)[3]; Lemmons

---

[2] It is of no moment that Browne alleges that his attorney sent a letter to an Assistant General Counsel of Pepco, informing her that it was unlawful for the company to retaliate against Browne for filing his discrimination claim.  (See Compl. ¶ 8.) That action does not fulfill the exhaustion requirement of Title VII.  See Washington v. Washington Metro. Area Transit Auth., 160 F.3d 750, 752 (D.C. Cir. 1998) (holding that an organization's internal procedures do not displace Title VII's filing requirements).

[3] White is a Title VII case.  However, "the same standards apply in evaluating claims of . . . retaliation under Title VII and § 1981."  Kidane v. Northwest Airlines, Inc., 41 F. Supp. 2d 12, 17 (D.D.C. 1999).  The same is true for retaliation claims under the DCHRA.  See Howard Univ. v. Green, 652 A.2d 41, 45 (D.C. 1994) (stating that the standard for retaliation claims under the DCHRA mirrors the standard under Title VII).

- 6 -

v. Georgetown Univ. Hosp., Civil Action No. 04-705 (RBW), 2006 WL 1174444, at *11 (D.D.C. May 4, 2006); Keys v. Washington Metro. Area Transit Auth., 408 F. Supp. 2d 1, 7 (D.D.C. 2005).

Browne alleges that he filed a claim of discriminatory non-selection against Pepco and that soon after Pepco engaged in numerous retaliatory measures against him, including threatening disciplinary action allegedly for inquiring into a subordinate's failure to get an upgrade, taking disciplinary action by issuing a DML allegedly because Browne communicated with the union, and downgrading Browne's performance appraisal from "outstanding" to "needs improvement."  (See Compl. ¶¶ 7, 9, 10-12, 14.)  Pepco argues that a materially adverse action necessary to state a claim of retaliation is typically an ultimate employment decision -- such as hiring, discharging, promoting, and compensating -- or an action with materially adverse consequences affecting the terms, conditions, or privileges of employment, and that none of Browne's allegations amounts to such an action.  (See Pepco's Mem. P. & A. in Supp. of Mot. to Dismiss at 7-10.)

Pepco's argument misapprehends the standard for actionable adverse actions in retaliation claims.  In White, the Supreme Court held that a materially adverse action for a retaliation claim is one that would dissuade a reasonable employee from bringing discrimination charges, and that requiring an employee to perform more arduous duties rather than easier or more

- 7 -

agreeable duties was just such an action.  White, 2006 WL 1698953, at *10, 12.  Just as insisting that an employee spend more time performing more arduous work would discourage a reasonable employee from bringing discrimination charges, so too would formal disciplinary action and a poor performance evaluation.  Browne's allegedly retaliatory formal reprimand and poor performance evaluations are not "petty slights, minor annoyances, [or] simple lack of good manners[,]" but rather materially adverse actions that will support a claim of retaliation under § 1981 and the DHCRA.[4]  Id. at 10.

## CONCLUSION AND ORDER

Browne has failed to allege exhaustion of administrative remedies with respect to his Title VII claim, and that claim will be dismissed without prejudice.  Browne properly alleges materially adverse actions by Pepco in support of his claim of retaliation under § 1981 and the DCHRA, and the motion to dismiss

---

[4] Pepco argues for the first time in its reply that Browne's claims should be dismissed because Browne "does not set forth any allegations of a causal connection between the protected activity and the alleged adverse employment action."  (Pepco's Reply at 4.)  Because Pepco did not raise this argument in its original motion, the argument is deemed waived and will not be considered.  See Pub. Citizen Health Research Group v. Nat'l Insts. of Health, 209 F. Supp. 2d 37, 43-44 (D.D.C. 2002).  Even if Pepco had not waived this argument, it is plain from the complaint that Browne alleges the true impetus of the actions taken against him were the retaliatory motives of Pepco.  (See, e.g., Compl. ¶ 15 ("After being fully aware of its violation of the 1964 Civil Rights Act, Pepco continued to retaliate against Mr. Browne.").)

- 8 -

with respect to those claims will be denied.  Accordingly, it is hereby

ORDERED that Pepco's motion [3] to dismiss be, and hereby is, GRANTED in part and DENIED in part.  Browne's claim of retaliation under Title VII is dismissed without prejudice, and defendant's motion is otherwise denied.

SIGNED this 3rd day of July, 2006.

                                                /s/
                                 RICHARD W. ROBERTS
                                 United States District Judge