UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Philip Browne          :
   Plaintiff

                     :

V.                                : CA No. 05-1177 (RWR)

Potomac Electric Power     :
Company
   Defendant          :
                     :

PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Pursuant to Federal Rules of Civil Procedure 60(b) and local Rule 7 plaintiff moves this court for an order setting aside so much of the judgment that dismissed, without prejudice, his Title VII claim for failure to exhaust administrative remedies.

The court writes

"Title VII requires that a [non-federal employee] complaining of a violation file an administrative charge with the [Equal Employment Opportunity Commission ("EEOC")] and allow the agency time to act on the charge....Here, Browne has not alleged, as he must to state a claim under Title VII, that he timely contracted the EEOC concerning his claim of retaliation. Memorandum Opinion And Order at 4,5.

**PHILIP BROWNE DID EXHAUST HIS
ADMINISTRATIVE REMEDIES**

Philip Browne filed his charge of retaliation with the D.C. Office of Human Rights. The Office Of Human Rights then transmitted a copy of the charge to the Equal Employment Opportunity Commission who issued a right-to-sue letter dated March 28, 2005. Exhibit A. Mr. Browne failed to give a copy of the letter to his attorney and it was not a part of the original

pleadings. Pepo states "The Title VII claim must be dismissed because plaintiff did not exhaust his administrative remedies. Defendant's Memorandum Of Points And Authorities In Support Of Its Motion To Dismiss at 5. This pleading was filed July 1, 2005. But the right-to sue letter was dated March 28, 2005 and presumably mailed to, and received by Pepo before July 1, 2005 when it filed its memorandum. If so, Pepo was aware the statement in its memorandum was incorrect. Because this right-to sue letter is central to this litigation, *Good Luck Nursing Home, Inc. V. Harris*, 636 F.2d 572, plaintiff ask that he be allowed to file the letter with this motion. By issuing the right-to sue letter EEOC has completed the administrative process.

## CONCLUSION

For all of the foregoing reasons, plaintiff ask the court to reinstate his claim for retaliation in violation of Title VII.

## SUPPORTING DOCUMENT

1. Dismissal And Notice of Rights letter from EEOC dated March 28, 2005.

*/s/ Jerome E. Clair*
Jerome E. Clair
1200 G Street, NW
Suite 800
Washington, DC 20005
(202) 434-4558
Attorney for plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Philip Browne :
   Plaintiff

                                    :
     V.                           : CA No. 05-1177 (RWR)

Potomac Electric Power :
Company :
   Defendant :

ORDER

This matter having come before the court on plaintiff's Motion For Relief From Judgment, the court having reviewed the files and good cause appearing, it is

ORDERED

that so much of the order that dismissed plaintiff's Title VII claim is set aside.

Dated:_____

                                                        _____
                                                        Richard W. Roberts
                                                        United States District Judge