IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP A. BROWNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-01177-RWR |
| ) | |
| POTOMAC ELECTRIC POWER ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ANSWER OF DEFENDANT POTOMAC ELECTRIC POWER COMPANY

Defendant Potomac Electric Power Company (hereinafter "Pepco"), by counsel, files its Answer to the Complaint of Plaintiff Philip A. Browne ("Plaintiff"), and states as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### JURISDICTION

1. The allegations in Paragraph 1, which are a statement of jurisdiction, are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## **VENUE**

2.      The allegations in Paragraph 2, which are a statement of venue, are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## **FACTUAL ALLEGATIONS**

3.      Pepco denies the allegations in Paragraph 3 as stated, but admits that Plaintiff, who is black, was hired by Pepco as Supervisor Engineering Liaison on February 20, 2001.

4.      Pepco admits the allegations in Paragraph 4.

5.      Pepco admits the allegations in Paragraph 5.

6.      Pepco denies the allegations in Paragraph 6 as stated, but admits that a mediation was held by the District of Columbia Office of Human Rights on July 15, 2004, and that Pepco was represented at the mediation by Jill Flack, Associate General Counsel, and William Sigafoose, then Manager of Underground Maintenance and Construction.

7.      Pepco admits that mediation did not resolve Plaintiff's charge and that Plaintiff supervised Renée Carter-Moton during the period alleged in the Complaint. Pepco denies the remaining allegations in Paragraph 7.

8.      Pepco admits that Jill Flack received a letter from Plaintiff's counsel dated July 16, 2004 in which Plaintiff's counsel stated that the opposition clause of 42 U.S.C. § 2000e-2(a)(1) prohibits retaliation against Plaintiff for filing a charge with the District of Columbia Office of Human Rights. The remaining allegations in Paragraph 8 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

9. Pepco denies the allegations in Paragraph 9 as stated, but admits that Pepco provided Plaintiff with a Separation Agreement and General Release of Claims in a meeting on July 29, 2004, and that Plaintiff did not execute the agreement.

10. Pepco denies the allegations in Paragraph 10 as stated, but admits that Pepco met with Plaintiff on July 29, 2004 and informed him that if he chose to remain employed with Pepco, a Decision Making Leave would be issued against him.

11. Pepco denies the allegations in Paragraph 11 as stated, but admits that Pepco issued Plaintiff a Decision Making Leave based on events that occurred on April 16, 2004 and June 23, 2004, and that Pepco provided Plaintiff with an explanation of the reasons for the Decision Making Leave on September 2, 2004.

12. Pepco admits that one of the grounds for the Decision Making Leave was Plaintiff's communication with the Union, and Pepco further admits that Plaintiff requested a written explanation of the company policy that his conduct violated. Pepco denies the remaining allegations in Paragraph 12.

13. Pepco denies the allegations in Paragraph 13.

14. Pepco denies the allegations in Paragraph 14.

## **PUNITIVE DAMAGES**

15. Pepco denies the allegations in Paragraph 15, and specifically denies that Plaintiff is entitled to any punitive damages because the Complaint does not state or allege a sufficient factual and/or legal basis for such a claim.

Pepco denies that it violated any laws, and specifically denies that it retaliated against Plaintiff.

3

Pepco denies that Plaintiff is entitled to judgment against it and further denies that Plaintiff is entitled to the relief sought in the Complaint or any other relief whatsoever.

Pepco objects to Plaintiff's prayer for a jury trial with respect to any claim, issue, or element of relief with respect to which Plaintiff is not entitled to a jury trial as a matter of right.

All allegations not admitted, denied, fully qualified, or otherwise responded to above are hereby denied.

### Third Defense

Plaintiff's claims are barred because any employment actions taken by Pepco with respect to Plaintiff were proper and pursuant to legitimate, non-discriminatory business reasons.

### ADDITIONAL DEFENSES

Plaintiff's claims may be barred by the doctrines of waiver, acquiescence, estoppel, laches, unclean hands, and/or any other equitable defense found to be factually merited during the course of discovery in, or trial of, this action. Pepco expressly reserves the right to amend this Answer to assert any and all such defenses.

\\\NORTHVA - 04170/0131 - 347745 V2

WHEREFORE, Defendant has fully answered the Complaint and respectfully requests that the Court dismiss this action and award it costs and reasonable attorneys' fees incurred herein.

Respectfully submitted,

_____/s/_____
William P. Flanagan (#419287)
Hogan & Hartson L.L.P.
8300 Greensboro Drive, Suite 1100
McLean, Virginia 22102
(703) 610-6100 (telephone)
(703) 610-6200 (facsimile)

Counsel for Defendant Potomac Electric Power Company

Of Counsel:

Jill D. Flack (#420020)
Associate General Counsel
Pepco Holdings, Inc.
701 Ninth Street, N.W., Suite 1100
Washington, D.C. 20068
(202) 872-2756 (telephone)
(202) 872-3281 (facsimile)

Dated: July 18, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2006, a true and accurate copy of the foregoing Motion to Dismiss was mailed, first class mail, postage prepaid, to:

Jerome E. Clair, Esq.
1200 G Street, NW
Suite 800
Washington, D.C. 20005

Counsel for Plaintiff

_____/s/_____
William P. Flanagan

\\\NORTHVA - 04170/0131 - 347745 V2