UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
PHILIP A. BROWNE,                  )
                                   )
            Plaintiff,             )
                                   )
    v.                             )   Case No. 1:05CV01177 (RWR)
                                   )
POTOMAC ELECTRIC POWER             )
COMPANY,                           )
                                   )
            Defendant.             )
_____)

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION FOR RELIEF FROM ORDER

There is no basis for Plaintiff Philip A. Browne's Motion for Relief from Order ("Motion for Relief"), in which he asks the Court to reconsider that portion of its July 3 Memorandum Opinion and Order dismissing Plaintiff's Title VII claim for failure to exhaust administrative remedies. This is the second time Plaintiff has sought relief from an order in this matter, and once again he cites the wrong legal standard and fails to set forth any legitimate reason why the Court should grant his motion. 1/

I.      **Background**

Defendant Potomac Electric Power Company's ("Pepco") Motion to Dismiss Plaintiff's claims was fully briefed. On July 3, 2006, this Court issued a Memorandum Opinion and Order ("Order") in which it granted Pepco's Motion to Dismiss with respect to Plaintiff's Title VII claim for retaliation. In it, the Court explained the straightforward rule that employees complaining of Title VII violations must file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") before bringing an action in

___

1/      Plaintiff's first Motion for Relief was filed on September 28, 2005, in response to this Court's denial of his motion to file a surreply during the briefing of Defendant's motion to dismiss. This Court denied that Motion for Relief on December 9, 2005.

court. See Order, at 4. The Court then dismissed Plaintiff's claim without prejudice, stating, "Here, Browne has not alleged, as he must to state a claim under Title VII, that he timely contacted the EEOC concerning his *claim of retaliation*." Id. at 5 (emphasis added). Plaintiff did not allege that he exhausted his administrative remedies with respect to his retaliation claim; in fact, he never did so. The Motion for Relief from this Order is entirely groundless.

## II. Plaintiff Does Not Provide A Legitimate Reason For The Court To Reverse Its Order.

As an initial matter, Plaintiff – as he did in his first motion for relief – cites Federal Rule 60(b) as the applicable standard, but this is the wrong rule. Where, as here, a motion for relief from a court's order is filed within 10 days of the entry of the challenged order, courts review the motion under Rule 59(e), not Rule 60(b). See Fed. R. Civ. P. 59(e); Lightfoot v. District of Columbia, 355 F. Supp. 2d 414, 420-21 (D.D.C. 2005). 2/

Motions under Rule 59(e) are disfavored and are only granted in extraordinary circumstances. Neidermeier v. Office of Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). There must be an "intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice" in order to grant Rule 59(e) motions. Lightfoot, 355 F. Supp. 2d at 421 (quoting Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998)). Where evidence was available but not offered at the time of the original motion, it does not constitute "new evidence" for purposes of the Rule 59(e) standard. Independent Petroleum Ass'n of America v. Babbitt, 178 F.R.D. 323, 327 (D.D.C. 1998).

---

2/ Federal Rule 6(a) states that when the period of time prescribed or allowed in the Rules is less than 11 days, intermediate Saturdays, Sundays, and legal holidays – including Independence Day – are excluded from the computation. Fed. R. Civ. P. 6(a). The Order is dated July 3, 2006. Because of the intervening legal holiday on July 4 and the intervening weekend, Plaintiff's Motion for Relief would be timely filed pursuant to Rule 59(e) so long as it was received by the Court by July 18. Plaintiff filed his Motion on July 16; thus, the standard for Rule 59(e) applies. In any event, Plaintiff's Motion for Relief fails under Rule 60(b)'s exacting standards for the same reason it fails under the Rule 59(e) standard. See, e.g., Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980); Johnson v. Ashcroft, 223 F. Supp. 2d 116, 117 (D.D.C. 2002).

2

"Clear error" is a "very exacting standard" and "manifest injustice" "does not exist where . . . a party could easily have avoided the outcome, but instead elected not to act until after a final order had been entered." Lightfoot, 355 F. Supp. 2d at 422.

It is unclear on what basis Plaintiff moves for relief, but he suggests that the judgment should be reversed based on the availability of new evidence, that Pepco committed error in presenting its argument to the Court, or that the Court committed error in its decision. Specifically, Plaintiff argues that contrary to Pepco's argument in its motion to dismiss, as well as this Court's Order, he exhausted his administrative remedies because he filed a charge of retaliation with the D.C. Office of Human Rights ("DCOHR"), the DCOHR transmitted a copy of the charge to the EEOC, and the EEOC issued a right to sue letter dated March 28, 2005. See Motion for Relief, at 1. He also claims that the right to sue letter, which is attached to the Motion, was not included in his original opposition to Pepco's motion to dismiss because he failed to provide a copy of it to his attorney. This explanation simply does not satisfy the stringent standard of Rule 59(e).

To begin, it is clear that the right to sue letter – which was dated in March 2005 – was available to Plaintiff at the time the motion to dismiss was briefed in the summer of 2005. Plaintiff's failure to provide a copy to his attorney does not render the right to sue letter "new evidence" under the Rule 59(e) standard. Independent Petroleum, 178 F.R.D. at 327.

More importantly, however, the EEOC's right to sue letter does not alter the basis for the Court's dismissal of Plaintiff's Title VII claim, or demonstrate any error by Pepco or the Court. Although Plaintiff states that he filed a charge of retaliation with the DCOHR, see Motion for Relief, at 1, he in fact filed a charge of race discrimination based on the fact that Pepco had allegedly denied him a promotion in employment. See DCOHR Charge of Discrimination, attached hereto as Exhibit 1. Nowhere on the charge does Plaintiff

3

allege retaliation by Pepco. See id. The DCOHR issued a Letter of Determination on December 13, 2004, in which it found no probable cause of discrimination, see Pepco's Motion to Dismiss, at 2, and the EEOC adopted the findings of the DCOHR and issued the Dismissal and Right to Sue Letter. Thus, the EEOC right to sue letter relates to Plaintiff's discrimination charge challenging his non-selection for a position, and not to any retaliation charge. Plaintiff did not allege in his Complaint, nor does Pepco have any notice that Plaintiff ever filed a charge with the DCOHR or the EEOC in which he alleged retaliation by Pepco. Moreover, Plaintiff has not presented any evidence with his Motion for Relief indicating that he has filed a charge of retaliation.

Plaintiff's Motion for Relief demonstrates a misunderstanding of the basic premise stated in Pepco's motion to dismiss and adopted by this Court – namely, that a plaintiff must exhaust his administrative remedies for each discrete act of retaliation, even where, as in this case, the retaliation claims are based on the previous filing of administrative complaints. See Romero-Ostolaza v. Ridge, 370 F. Supp. 2d 139, 148-49 (D.D.C. 2005). The fact that Plaintiff filed a charge with the DCOHR for discrimination relating to his non-selection – and that the EEOC adopted the DCOHR's findings and issued a right to sue letter with respect to that charge – does not eliminate the requirement that Plaintiff exhaust his administrative remedies with respect to his retaliation claim.

In sum, Plaintiff's Motion for Relief fails to cite new law, identify new evidence, or demonstrate any error or manifest injustice by the Court. His motion is nothing more than a second, improper attempt to repeat a losing argument and raise an issue that he has already presented to the Court. See Lightfoot, 355 F. Supp. 2d at 421 (Rule 59(e) motion is not a second opportunity to present arguments upon which the court has already ruled); New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to

4

reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled").

### III.     Conclusion

For the foregoing reasons, Pepco respectfully requests that the Court deny Plaintiff's Motion for Relief. 3/

Respectfully submitted,

_____/s/  William P. Flanagan_____
William P. Flanagan, #419287
HOGAN & HARTSON LLP
8300 Greensboro Drive, Suite 1100
McLean, Virginia  22102
(703) 610-6100 (telephone)
(703) 610-6200 (facsimile)

Counsel for Defendant
Potomac Electric Power Company

Of Counsel:

Jill D. Flack, #420020
Associate General Counsel
Pepco Holdings, Inc.
701 Ninth Street, N.W., Suite 1100
Washington, D.C.  20068
(202) 872-2756 (telephone)
(202) 872-3281 (facsimile)

Dated:  July 27, 2006

---

3/     In light of the fact that this is the second time Plaintiff has filed a baseless Motion for Relief in this case, Pepco requests that it be awarded its costs in opposing this motion.

5

\\\NORTHVA - 004170/000131 - 349044 v2

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2006, a true and accurate copy of the foregoing Opposition to Motion for Relief from Order was mailed, first-class U.S. mail, postage prepaid, to:

>Jerome E. Clair, Esq.
>1200 G Street, N.W.
>Suite 800
>Washington, D.C. 20005
>
>Counsel for Plaintiff

_____/s/ William P. Flanagan_____