UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Philip Browne                        :
   Plaintiff

                              :

     V.                              : Ca No. 05-1177 (RWR)

Potomac Electric Power               :
Company
   Defendant                         :

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
### TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Defendant, in its opposition, claims plaintiff must file its motion for relief under Rule 59(e) rather than Rule (60). It also claims plaintiff does not provide a legitimate reason for the court to reverse its order and it ask for costs in opposing this motion. The Court's order dismissed, without prejudice, plaintiff's Title VII claim because he failed to exhaust his administrative remedies regarding retaliation. In his motion for relief from judgment plaintiff provided the court with the right-to-sue letter from EEOC showing he had dome everything required to exhaust his administrative remedies. Defendant maintains Philip Browne did not allege retaliation by pepco in his DCOHR charge and therefore the court should deny plaintiff's motion for relief from judgment.

### Plaintiff, not defendant, decides which rule he
### will invoke in his motion for reconsideration

Whether plaintiff filed his motion under Rule 59(e) or Rule (60) is a determination to be made by plaintiff and not by defendant. The advantage in filing under Rule 59(e) is that it tolls the time for taking an appeal. *Dove V. CODESCO*, 569 F.2d 807 (1978) See also *Wallace V. Warehouse*

*Employee Union No. 730 D.C.*, 482 A.2d 801 (D.C. App. 1984). Plaintiff is not concerned, at this stage of the proceedings, with his appeal rights. He is concerned with the proper standard being applied to his claim for retaliation under Title VII. The courts, in deciding whether a Rule (60) motion for reconsideration should be granted has set the standard as follows:

> When a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under rule 60(b) is proper even though the original failure to present that information was inexcusable.

*Good Luck Nursing Home, Inc. V. Harris*, 636 F.2d 572. See also *Twelve John Does V. District Of Columbia,* 117 F,3d 571 (D.C. Cir. 1997) and *Computer Professional V. U.S. Secret Service,* 72 F.3d 879 (D.C. Cir 1996)

It is clear the right-to sue letter is central to this litigation. That is the way plaintiff proves he has exhausted his administrative remedies and is allowed to pursue his Title VII claim in federal court. Although plaintiff forgot to provide his attorney with the letter when the complaint was being prepared, under the standard set out in Good Luck he should be allowed to present this letter in his motion for reconsideration.

### Plaintiff's failure to state retaliation
### in his EEOC charge is not fatal to his claim

The first sentence of plaintiff's charging affidavit before the DCOHR states: I believe that I was discriminated against on the basis of my race (Black) when I was denied a promotion in my employment. He then goes on to spell out with particularity why he is convinced the failure to promote was racially motivated. Charge Of Discrimination, D.C. Office Of Human Rights, Mr.

2

Philip A. Browne. This complaint was then transmitted to EEOC. The federal agency had a right to investigate all matters which grew out of the discrimination charge. *Sanchez V. Standard Brands, Inc.,* 431 F.2d 455 (1970). Retaliation is a matter that naturally grew out of the discrimination charge. In this case the retaliation began while the investigation of his discrimination charge was ongoing. Philip Browne then filed suit in U.S. Federal Court alleging retaliation by pepco because he filed his charge with DCOHR.

In a case similar to the present one Dr. Gregory filed a charge with EEOC and omitted completing the box marked "retaliation". Nevertheless the court allowed the jury to consider retaliation and it returned a verdict in her favor. *Gregory V. Georgia Dept. Of Human Resources,* 355 F.3d 1277 (11th Cir. 2004) The court in Gregory found the failure of plaintiff to check the box indicating retaliation did not prevent the court from considering the charge. Likewise this court should not find Philip Browne's failure to state retaliation in his DCOHR charge as grounds for dismissing his retaliation charge.

Pepco asks the court to award it costs for opposing this motion. Defendant's Opposition To Plaintiff's Motion For Relief From Judgment. n.3. Pepco does not cite any authority for its request. If it is making the request under Rule 11 of the federal Rules Of Civil Procedure, there are no basis for the request and plaintiff ask the court to deny pepco's request for costs.

## CONCLUSION

For all of the foregoing reasons, plaintiff ask the court to grant his motion for relief from judgment and reinstate his charge of retaliation in violation of Title VII.

3

Jerome E. Clair
1200 G Street, NW
Suite 800
Washington, DC 20005
(202) 434-4558
Attorney for plaintiff