UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
PHILIP BROWNE,                 )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civil Action No. 05-1177 (RWR)
                               )
POTOMAC ELECTRIC POWER         )
COMPANY,                       )
                               )
        Defendant.             )
_____)
```

**MEMORANDUM ORDER**

Plaintiff Philip Browne moves for reconsideration of the portion of the July 3 Memorandum Opinion and Order ("July 3 Opinion") that dismissed without prejudice his Title VII retaliation claim because the complaint failed to allege exhaustion of administrative remedies for that claim. Browne now has submitted an Equal Employment Opportunity Commission ("EEOC") right-to-sue letter, stemming from his claim of discriminatory non-selection based on race in November 2003, and argues that this demonstrates exhaustion of administrative remedies for his claim of unlawful retaliatory acts -- threats and imposition of disciplinary action and low performance appraisals -- taken months later in July and September 2004.[1]

---

[1] Browne filed a charge of discriminatory non-selection in May 2004 with the D.C. Office of Human Rights, which forwarded the complaint to the EEOC. (See Def.'s Opp'n, Ex. 1; Pl.'s Mot. for Reconsideration, Ex. 2.)

- 2 -

Browne's allegations of retaliation represent discrete acts of a kind different from the discriminatory non-selection alleged in his administrative complaint and require administrative exhaustion separate and apart from any exhaustion of his non-selection claim.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114-15 (2002); Romero-Ostolaza v. Ridge, 370 F. Supp. 2d 139, 148-50 (D.D.C. 2005) (recognizing that "[m]ost courts before Morgan had 'determined that a plaintiff is not required to exhaust . . . administrative remedies with respect to claims of retaliation that occurred after the filing of an administrative complaint" but holding that after Morgan the plaintiff was required to exhaust his administrative remedies with respect to each discrete act of retaliation); Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d 132, 138 (D.D.C. 2004) ("Individual acts of retaliation that form the basis of retaliation claims are also included within the Supreme Court's list of discrete discriminatory acts [in Morgan] and therefore any claim stemming from those acts must be administratively exhausted."); cf. Wedow v. City of Kansas City, Mo., 442 F.3d 661, 674 (8th Cir. 2006) (declining to require separate administrative exhaustion "where the subsequent retaliatory acts were of a like kind to the retaliatory acts alleged in the EEOC charge, which were specified to be of an ongoing and continuing nature").  Browne has failed

- 3 -

to present any new facts or arguments that warrant reconsideration of the July 3 Opinion.  Accordingly, it is hereby

ORDERED that Browne's motion [15] for reconsideration be, and hereby is, DENIED.  Pepco's request for costs also is denied.

SIGNED this 6th day of September, 2006.

```
                              /s/
                    RICHARD W. ROBERTS
                    United States District Judge
```