UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILIP A. BROWNE, )
　)
　　　　Plaintiff, )
　)
v. )　　Case No. 1:05CV01177 (RWR)
　)
POTOMAC ELECTRIC POWER )
COMPANY, )
　)
　　　　Defendant. )

**JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE**

Pursuant to the rules of this Court, counsel in the above-referenced matter submit this Joint Rule 16.3 Report.

<u>Statement of the Case and Statutory Basis for Causes of Action and Defenses</u>:

This case raises claims of discrimination in employment in the District of Columbia. Plaintiff alleges that Defendant Potomac Electric Power Company ("Pepco") retaliated against him after he complained that he had been denied a promotion because of his race.

Specifically, plaintiff alleges that on September 10, 2003, Pepco posted a notice of a job vacancy for a supervisory position, and that a white employee was selected. He alleges that he complained to the District of Columbia's Office of Human Rights ("DCOHR"), alleging discrimination based on race in his failure to be awarded the job. Following a no probable cause determination by the DCOHR, plaintiff alleges that he was unfairly disciplined in July 2004 in retaliation for filing the complaint. He has brought this action under Title VII of the 1964 Civil

Rights Act, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. §§ 1981 and 1981a, and the D.C. Human Rights Act ("DCHRA"), D.C. Code § 2-1401, *et seq.*

Pepco's principal defenses to plaintiff's action are that the complaint fails to state a claim upon which relief may be granted, and that any employment actions taken by Pepco with respect to plaintiff were proper and pursuant to legitimate, non-discriminatory business reasons. Pepco also maintains that plaintiff's claims may be barred by the doctrine of waiver, acquiescence, estoppel, laches, unclean hands, and/or any other equitable defense found to be factually merited during the course of discovery in, or trial of, this action.

1. <u>Status of Dispositive Motions</u>: Pepco filed a motion to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. This Court granted Pepco's motion with respect to Plaintiff's Title VII claim because he had failed to exhaust his administrative remedies, but denied Pepco's motion as to the DCHRA and Section 1981 claims. Because the motion has been decided, discovery may now proceed.

2. <u>Amended Pleadings</u>: The parties do not anticipate that it will be necessary to join third parties or amend the pleadings.

3. <u>Assignment to Magistrate Judge</u>: The parties believe that assignment to a Magistrate Judge is unnecessary and prefer to remain on the present calendar for all purposes.

4. <u>Settlement Possibility</u>: The parties have not yet engaged in any settlement discussions. The parties would be willing to submit the case to mediation, but only after discovery has been completed and any dispositive motions have been ruled upon.

5. <u>Alternative Dispute Procedures</u>: The parties believe that mediation could prove beneficial but wish to delay mediation until after discovery has ended and any dispositive motions have been ruled upon.

6. **Dispositive Motions:** The parties believe that the case can be resolved by summary judgment and agree that any dispositive motions should be filed 30 days after the close of discovery, that any oppositions should be filed within 14 days of the filing of the dispositive motion, and that any replies should be filed within 11 days thereafter.

7. **Initial Disclosures:** The parties wish to dispense with initial disclosures and agree that it would be most efficient to proceed immediately with discovery.

8. **Discovery:** The parties request that the discovery schedule be that used for standard cases, as set forth in Appendix I to the Court's Order for Initial Scheduling Conference. Specifically, the parties agree that discovery should last 120 days; that written discovery should be served 45 days after the date of the scheduling conference; and that each side is limited to 25 interrogatories and 5 depositions.

9. **Experts:** The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified, and in any event, the parties do not anticipate that expert witnesses will be required.

10. **Class Action Procedures:** Not applicable.

11. **Bifurcation of Discovery or Trial:** The parties do not now see any need for bifurcation.

12. **Proposed Date For The Pretrial Conference:** The parties agree that a pretrial conference should not be scheduled until the Court has decided all dispositive motions.

13. **Trial Date:** The parties agree that, if necessary, a trial date should be set at the pretrial conference.

Respectfully submitted,

| | |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Jerome E. Clair | William P. Flanagan (#419287) |
| 1200 G Street, NW | Hogan & Hartson L.L.P. |
| Suite 800 | 8300 Greensboro Drive, Suite 1100 |
| Washington, DC 20005 | McLean, Virginia 22102 |
| (202) 434-4558 | (703) 610-6100 (telephone) |
| | (703) 610-6200 (facsimile) |
| Counsel for Plaintiff | |
| Philip A. Browne | Counsel for Defendant |
| | Potomac Electric Power Company |

Date: October 8, 2006