UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Philip Browne                           :
    Plaintiff
                                 :

V.                                      : Ca No. 05-1177 RWR
                                 :

Potomac Electric Power
Company                                 :
    Defendant
                                 :

## STATUS REPORT OF PHILIP BROWNE

February 26, 2007, Plaintiff's counsel sent a settlement proposal to William Flanagan, counsel for Pepco. Letter dated February 26, 2007, Attorneys Fee affidavit, Laffey Matrix, Memorandum Opinion dated July 26, 2006, Separation Agreement And General Release Of Claims. The letter asked Mr. Flanagan to discuss the proposal with his client and get back in touch with plaintiff's counsel. Pepco made a counter offer to settle the case for two months of Mr. Browne's salary while he was an employee of pepco. Hogan & Hartson letter dated March 2, 2007. Mr. Browne refused to accept the counter offer. Jerome Clair's letter dated March 3, 2007.

## PEPCO HAS NOT NEGOTIATED IN GOOD FAITH

While this case was pending before the District of Columbia's Office of Human Rights, pepco made a proposed settlement offer to give Mr. Browne $35,205 if he would resign from the company. Separation Agreement And Settlement Release Of Claims. After this case was filed in federal Court pepco's Motion to Dismiss was sustained as to the 1964 Civil Rights Act but denied as to DCHR and 42 U.S.C. 1981. Memorandum Opinion And Order dated July 3, 2006. Mr. Browne has resigned from the company and Pepco now offers to settle the case for two

months of Mr. Browne's salary. March 2, 2007 letter from Hogan & Hartson. That amounts to $12,450.32. Philip Browne pay stub and calculations. Mr. Browne has refused to accept this diminution in settlement money.

As support for its position pepco relies on *Hazward V. Runyon,* 14 F. Supp. 2d 120 (D.D.C 1998.). This is a case where a male postal employee sues for reverse discrimination based on sexual harassment and retaliation. The court using the retaliation standard that was applicable in 1998 found there was no retaliation. That is far from the present case where this court has found a prima facie case of retaliation against Mr. Browne based on *Burlington North. & Santa Fe Ry. Co. V. White,* 126 S.Ct. 2045 (2006).

_/s/ Jerome E. Clair_
Jerome E. Clair
1200 G Street, NW
Suite 800
Washington, DC 20005
(202) 434-4558
Attorney for plaintiff

Dated: 3-9-07