# HOGAN & HARTSON

Hogan & Hartson LLP
8300 Greensboro Drive
Suite 1100
McLean, VA 22102
+1.703.610.6100 Tel
+1.703.610.6200 Fax

www.hhlaw.com

March 2, 2007

William P. Flanagan
Partner
703.610.6179
wpflanagan@hhlaw.com

**CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY**
**BY ELECTRONIC MAIL, FACSIMILE, AND FIRST CLASS MAIL**

Jerome E. Clair, Esq.
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005

Re: Browne v. Potomac Electric Power Company, Case No. 1:05-cv-01177-RWR

Dear Mr. Clair:

I am in receipt of your February 26 letter offering to settle this matter for a total of $117,037. That offer is unreasonably high and Pepco rejects it. Nevertheless, Pepco is still willing to resolve this matter by paying Mr. Browne a lump sum equal to two months' salary, less applicable withholdings, as previously offered in January.

Pepco remains very confident in its position in this case. To begin, Mr. Browne has essentially conceded that he suffered no adverse employment action following his DCOHR charge. In his deposition, he admitted that although he was reassigned in the fall of 2004, this reassignment was part of a company-wide reorganization that affected hundreds of employees – it was not directed specifically towards him. In addition, Mr. Browne stated that he was not ineligible for promotion during the period of his DML, and that since being issued the DML, he has received both pay increases and positive performance appraisals. Indeed, Mr. Browne readily conceded that even if he had received a rating of "3" in the Communications category of his 2004 evaluation – which he claimed he should and would have earned absent the DML – his overall rating would have remained at the "fully acceptable" level. Thus, there is simply no evidence that Mr. Browne suffered any consequences as a result of his DCOHR charge that could be reasonably viewed as negatively affecting his employment, and Mr. Browne's retaliation claim will fail under the applicable legal standard.

Furthermore, even if Mr. Browne could demonstrate an adverse employment action, he cannot show any causal connection between such an action and his DCOHR charge. Mr. Browne testified in his deposition that his supervisor admitted to knowing about the charge. But Mr. Farrell's knowledge alone is insufficient to demonstrate causation. See Hazward v. Runyon, 14 F. Supp. 2d 120, 124 (D.D.C. 1998). Indeed, Mr. Browne conceded that no one in Pepco

\\NORTHVA - 004170/000131 - 369994 v1

Jerome E. Clair, Esq.
March 2, 2007
Page 2

management ever indicated that he should not have filed the charge or that his DML was being issued as a result of his charge.

Finally, even if Mr. Browne could establish a prima facie case of retaliation, Pepco has pointed to a legitimate reason for his discipline – his two serious acts of misconduct in April and June of 2004 – and there is no evidence of pretext. Mr. Browne admitted that no white employees had engaged in similar conduct and been treated differently, and further admitted that neither he nor anyone he knew had ever heard any of the individuals involved in the DML decision making racially disparaging statements. There simply is no evidence whatsoever that Pepco issued the DML because of any complaint of discrimination. Therefore, Mr. Browne's own testimony, as well as the remainder of the facts and evidence in this case adduced in discovery (which has now closed) and otherwise, demonstrate that Pepco's position in this matter is far stronger than the plaintiff's. Under these circumstances, it is in your client's best interest to give serious consideration to Pepco's offer of two months' salary, and I urge you to recommend this very reasonable compromise to your client.

Please let me know your client's response before March 7.

Sincerely,

*[signature]*

William P. Flanagan

cc:   Christine M. Burke

\\\\NORTHVA - 004170/000131 - 369994 v1