UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Philip Browne                              :
   Plaintiff

                                            :

    V.                                    : CA No. 05-1177
                                            : Judge Richard W. Roberts

Potomac Electric Power Company             :
   Defendant                              :

PLAINTIFF, PHILIP BROWNE'S MOTION FOR SUMMARY JUDGMENT

STATEMENT OF MATERIAL FACTS AS TO WHICH PLAINTIFF
CONTENDS THERE IS NO GENUINE ISSUE

Plaintiff, Philip Browne, a black employee of Potomac Electric Power Company, filed a charge of discrimination with the District of Columbia's Office of Human Rights on May 6, 2004 alleging discrimination based on race. Charge of Discrimination D.C. Office of Human Rights May 6, 2004.

June 2, 2004 a mediation was scheduled for July 15, 2004. Letter from Office of Human Rights dated June 2, 2004. Mediation was held July 14, 2004. Pepco was represented by Jill Flack, Assistant General Counsel and William Sigafoose, Manager of Underground Maintenance and Construction for the pepco region. The mediation was not successful. July 29, 2004, Kenneth Farrell, Manager of Distribution and Transmission Engineering, told Mr. Browne he would be disciplined for actions he had taken April 16, 2004. Affidavit of Philip Browne ¶ 5. These alleged infractions occurred almost a month before the charge was filed with DCHR and almost three months before pepco decided to issue Mr. Browne a DML. But the meeting to discuss the issuing of the DML occurred just 43 days after the mediation and while the charge was still

1

pending before DCHR.

After being told this, attorney Jerome E. Clair sent a letter to Jill Flack reminding her that retaliation because Mr. Browne had filed a charge with D.C. Office Of Human Rights was a violation of the statute. Jerome E. Clair's letter dated July 16, 2004. July 30, 2004. Pepco sent Mr. Browne a proposed Separation Agreement offering him $35,205 as settlement of all claims providing he would resign from the company. Separation Agreement And General Release Of Claims. Mr. Browne did not accept the settlement. Affidavit of Philip Browne ¶ 11. September 2, 2004 Pepco discipline Mr Browne (see Declaration of Eileen M. Appugles ¶ 14) by issuing him a Decision Making Leave. Letter from Kenneth T. Farrell dated September 2, 2004.

Ms Appugles says Mr. Browne was discipline because he allowed one of the people he supervised to violate the parking policy of pepco. Appugles Decl. ¶ 9. Mr Browne responds that Renee Moten-Carter, the employee he supervised, was a female who worked late at night. He at first asked for a waiver for Ms. Moten. He adds that when Ms. Carter parked in the spaces they were empty spaces in the gated area. Philip Browne's Answer to Interrogatory 1,5 and 6.

Ms. Appugles also says Mr. Browne was disciplined because he communicated with the bargaining unit. Appugles. Decl. ¶¶ 10,11. Mr. Browne asked pepco 's management to give him a copy of the policy prohibiting him from communicating with the labor union. He has never gotten a copy of the policy. Browne Affidavit ¶ 9.

December 15, 2004 Mr. Browne asked Pepco to remove the DML from his personnel file. Letter from Philip A. Browne, P.E. dated December 15, 2004. Pepco refused to remove the DML. Letter from Ernest Jenkins, Vice president, PSA&PI dated March 18, 2005. When Mr. Browne's performance was downgraded from "outstanding to "needs improvement"he attempted

to challenge it and was told he could not do so because of the DML. Browne Affidavit ¶ 13.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Philip Browne                           :
   Plaintiff

                                   :

V.                                      : CA No. 05-1177
                                   : Judge Richard W. Roberts

Potomac Electric Power Company          :
   Defendant                            :

PLAINTIFF'S MEMORANDUM IN SUPPORT
OF HIS SUMMARY JUDGMENT MOTION

Plaintiff, Philip Browne, filed a complaint for retaliation June 13, 2005 and invoked the court's jurisdiction under 42 U.S.C. 2000, *et seq.*, 42 U.S.C. 1981, 42 U.S.C. 1981a, and D.C.code 2-1401 *et seq.* Defendant filed a motion to dismiss under F.R.Civ. P 12(b)(6). Plaintiff filed an opposition.

In a Memorandum Opinion And Order dated July 23, 2006 the Court granted defendant's motion to dismiss under Title VII of the 1964 Civil Rights Act but denied their motion as to 42 U.S.C. 1981 and DCHRA. The court then issued a scheduling Order requiring, among other things, that dispositive motions be filed by March 26, 2007. Discovery has been completed. Settlement efforts have been unsuccessful and Plaintiff is now filing his Motion for Summary Judgment.

## SUMMARY JUDGMENT

A Summary Judgment is appropriate when "the pleadings, depositions, answers to Interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" F.R.Civ. P. 56 © ; See also *Celotex Corp. V. Cartrett*, 477 U.S. 317. In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving

4

party's favor and accept the nonmoving party's evidence as true. See *Anderson V. Liberty Lobby, Inc.* 477 U.S. 242.

A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. See Id. At 525.

### PEPCO RETALIATED AGAINST PHILIP BROWNE AFTER HE FILED A CHARGE OF DISCRIMINATION

In order to make a prima facie case of retaliation, plaintiff need show 1) he engaged in a statutorily protected activity; 2) that the employer took an adverse personnel action; and 3) that a causal connection existed between the two. *Passer V. American Chemical Soc.* 935 F.3d 332 (D.C.Cir. 1991)

The statutory activity Philip Browne engaged in was filing a claim for discrimination under The District Of Columbia's Human Rights Act. Charge of Discrimination D.C. Office of Human Rights dated May 6, 2004. When the mediation proved unable to resolve the complaint, pepco's manager, Kenneth T. Farrell called a meeting on August 26, 2004 with managers William M. Gausman and Eileen M. Appuglies. Mr Browne was told the meeting was to discuss a Decision Making Leave that would be issued against him. Affidavit of Philip Browne ¶ 5.

September 2, 2004 pepco took an adverse personnel action by issuing Mr. Browne a Decision Making Leave. Memo from Kenneth T. Farrell dated September 2, 2004. A DML is usually the final level of formal discipline prior to discharge. Decl. Of Eileen M. Appuglies ¶ 14.

Mr. Browne's performance evaluation went from "outstanding to "needs improvement". When he attempted to challenge this evaluation he was told he could not do so because of the DML. He asked to have it removed from his personnel file but pepco refused to do so.

The Supreme Court in *Burlington North & Santa Fe Ry. Co. V. White*, 126 S.Ct. 2405 (2006) set the standard for actionable retaliation requiring a plaintiff to show that a reasonable employee would have found the challenged action materially adverse, "which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination. The personnel actions taken by pepco after Mr. Browne filed his discrimination charge would dissuade a reasonable worker from filing a charge of discrimination.

The causal connection is that the DML meeting occurred just 15 days after the mediation and while the discrimination charge was still pending before the D.C. Office of Human Rights. In spite of the letter from plaintiff's counsel, reminding defendant they were violating the law, pepco still issued the DML September 2, 2004.

As this court writes in its Memorandum Opinion And Order

> Browne's allegedly retaliatory formal reprimand and poor performance evaluations are not "petty slights, minor annoyances, [or] simple lack of good manners [,]" but rather materially adverse actions that will support a claim of retaliation under § 1981 and the DCHRA...at page 7.

This order issued July 3, 2006. The time for appeal has ended and defendant has not taken an appeal. This is the law of the case. *Banco Nacional de Cuba V. Farr*, 383 F.2d 166, 178 (1967)

## CONCLUSION

For all of the foregoing reasons, plaintiff aks that his Motion for Summary Judgment be granted.

*[signature]*                                                    Dated: 3-9-07
Jerome E. Clair
1200 G Street, NW
Suite 800
Washington, DC 20005
(202) 434-4558
Attorney for plaintiff