UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Philip Browne                          :
  Plaintiff

        V.                                 : CA No 05-1177 (RWR)
                                 :

Potomac Electric Power Company
  Defendant                            :


## AFFIDAVIT OF PHILIP BROWNE

1. I am a black employee with Potomac Electric Power Company (pepco). I was hired on

February 21, 2001 as a Supervisor, Engineering Liaison.

2. September 10, 2003 pepco posted a notice for the position of General Supervisor Distribution

Support Services. I applied for the position but was not chosen.

3. May 6, 2004 I filed a complaint with the District of Columbia's Office of Human Rights

complaining that my denial of the job was based on racial discrimination in violation of the Civil

Rights Act of 1964, as amended.

4. July 14, 2004 a mediation was held by the Office of Human Rights. Present at the mediation

was me and my attorney.  Also Jill Flack, Assistant General Counsel for pepco and William

Sigafoose, Manager of Underground Maintenance and Construction for the pepco Region were

present representing pepco.

5. The mediation did not resolve my complaint and on August 26, 2004, while my complaint was

still pending before the Office of Human Rights, Kenneth T. Farrell called me into a meeting.

Present also at the meeting were other members of pepco's management, William M. Gausman

1

and Eileen M Appuglies. The purpose of the meeting was to discuss a Decision Making Leave

that would be issue against me for acts which alleged occurred April 16, 2004 and June 23, 2004.

7. I told the panel that my attorney had sent Jill Flack, Assistant General Counsel of pepco, a

letter stating that any retaliation against me at this time would be a violation of Title VII of the

Civil Rights Act. Their response was words to the effect that I should do whatever I had to do

and they would do what they were going to do.

8. According to the participants at this meeting, one of the incidents involved me communicating

with the collective bargaining unit.

9. I asked the three members of management present at that meeting to provide me with a copy of

pepco's written policy prohibiting supervisors communicating with the bargaining unit. I have

never received a response to my inquiry.

10. September 2, 2004 pepco issued its Decision Making Leave against me. The issuance of this

DML placed me under heighten scrutiny by pepco's management for a period of 18 months.

11. October 14, 2004 pepco presented me with a Separation Agreement And General Release Of

Claims". I did not execute and return to pepco this termination agreement.

12. I have asked pepco to remove the DML from my file but they have refused to do so.

13. My 2004 performance appraisal has been downgraded from "outstanding" to "needs

improvement". When I challenged the downgrade I was told this cannot be changed because of

the DML in my personnel file.

 I declare under penalty of perjury that the foregoing is true and correct.

Philip A. Browne

Dated: 8 July 2005

2