# SEPARATION AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Separation Agreement and General Release of Claims (the "Agreement") is being entered into between Pepco Holdings, Inc., with its principal place of business at 701 Ninth Street, N. W. Washington, D. C. 20068, including its subsidiaries and affiliates (together, "PHI"; the "Company")[1], and Philip A. Browne ("Mr. Browne").

WHEREAS, Mr. Browne is resigning his employment with the Company and in connection therewith, the parties desire to resolve all issues between them by entering into this Agreement.

NOW, THEREFORE, in consideration of the mutual promises set forth below, and intending to be legally bound, the parties hereto agree as follows:

1.  **Resignation.** Mr. Brown's employment with PHI will terminate effective _____, and he will not resume or seek further employment with PHI or any of its successors or its or their subsidiaries. At the time Mr. Browne signs this Agreement, he will sign a letter of resignation in the form attached as Attachment A hereto and deliver it to PHI with the signed Agreement.

2.  **Payment.** PHI will pay Mr. Browne the sum of thirty five thousand, two hundred and five dollars ($35,205), less applicable taxes and withholdings as determined by PHI.

3.  **Release of All Claims.**

    **(a)** Mr. Browne, on behalf of himself and his heirs, agents, attorneys, and assigns, hereby releases and discharges forever all claims and causes of action that have arisen or might have arisen at any time up to and including the date of this Agreement (whether known or unknown, accrued or contingent, liquidated or unliquidated) that he now has or may have against PHI, and any or all of its current or former subsidiaries, affiliated entities, officers, directors, employees, representatives, agents, attorneys, and assigns, and any or all of its or their successors, including, without any limitation on the general nature of the foregoing release, any claims relating to his employment with PHI; any claims arising under any federal, state, District of Columbia, or local law relating to discrimination on account of race, color, religion, sex, national origin, age, disability, marital status, or other illegal basis; any claims for attorney's fees; and any claims relating to the termination of his employment with PHI. Mr. Browne agrees not to sue, or otherwise institute or cause to be instituted or in any way voluntarily participate in or assist in the prosecution of (whether as an individual or class representative) any complaints or charges against any persons or entities released herein in any federal, state, District of Columbia, local, or other court, administrative agency or other forum concerning any claims released herein, and Mr. Browne specifically represents that no such complaints or charges by

---

[1] All references to the Company, Pepco Holdings, Inc., or PHI herein shall include its current and former subsidiaries and affiliates, unless the context clearly indicates otherwise.

him are pending outside the Company, other than D.C. Office of Human Rights Charge 04-239-P(CN) (EEOC Charge No. 10CA400204). Mr. Browne warrants that this is a general release and warrants that there has been no assignment or transfer of any claims covered hereby.

    **(b)** With respect to the general release in Paragraph 3(a) hereof, Mr. Browne agrees and understands that he is specifically releasing all claims under the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et seq. He further understands that he has at least twenty-one (21) days to consider this Agreement; that if he signs this Agreement, he may revoke it within seven (7) days after signing; and that this Agreement shall not be enforceable until the seven-day revocation period has expired without revocation. He expressly agrees that, if he revokes this Agreement during the revocation period and has received any benefits under this Agreement during the revocation period, all such benefits will be rescinded and will be returned to PHI. Revocation can be made by delivering a written notice of revocation to Mr. William M. Gausman, Vice President, Asset Management, PHI Service Company, 701 Ninth St., N.W., Washington D.C. 20068. For such revocation to be effective, notice must be received no later than 5:00 p.m. on the seventh calendar day after Mr. Browne signs this Agreement. Absent revocation, the amount stated in paragraph 2 above will be provided to Mr. Browne within five business days of the expiration of the revocation period. If Mr. Browne revokes the Agreement as set forth herein, Mr. Browne acknowledges that his employment shall not be reinstated.

    **4.** **No Admission of Liability by the Company.** Neither the existence of this Agreement nor the Company's requiring Mr. Browne's execution of it shall be construed as an admission that the Company has violated any federal, state, or local statute, regulation, rule, or order; breached any contract or covenant; committed any tort; breached any statutory or common law duty or doctrine; or otherwise taken, or failed to take, any action or committed any offense that is actionable in any way by Mr. Browne or by others acting on his behalf (including any federal, state, or local agency).

    **5.** **Continued Cooperation.** Upon reasonable request and notice, Mr. Browne agrees to assist PHI in the efficient transfer of Mr. Browne's responsibilities, by answering questions and providing information reasonably required by PHI, its successors, subsidiaries and affiliates in connection with matters on which Mr. Browne worked while employed by PHI.

    **6.** **Confidentiality.** Mr. Browne agrees to keep the terms, amount and fact of this Agreement completely confidential, and that he will not disclose any information concerning this Agreement, other than the fact that he has voluntarily resigned from his employment with the Company, to anyone other than his immediate family, tax and/or other financial advisors and his lawyer(s), who will be bound by this confidentiality clause, or as may be required by law or as agreed to by the parties.

    **7.** **Confidential Information.** Mr. Browne recognizes and acknowledges that as an employee of PHI, he may have received or had access to confidential, proprietary or non-public information which is a valuable, special and unique asset of PHI, and its successors, subsidiaries and affiliates. Accordingly, Mr. Browne specifically agrees not to disclose or otherwise use or release such confidential, proprietary, or non-public information for any reason whatsoever, by

2

publication or otherwise, to any person or entity at any time unless required by compulsory legal process. Mr. Browne understands that "confidential, proprietary, or non-public" information means information which Mr. Browne knows or reasonably should have known to have been so designated during employment by PHI, as well as all non-public information obtained by Mr. Browne at or from PHI which relates to past, present and future business activities, including all written or computerized information, conclusions, documents, drafts and associated materials. Further, Mr. Browne immediately will return any PHI property and documents in his possession or control to PHI on or before his termination date.

8.  **Non-Disparagement.** Mr. Browne recognizes that PHI, its successors, subsidiaries and affiliates must maintain continued harmonious relationships with the public and the business community. Mr. Browne, therefore, agrees not to malign or otherwise make statements critical of PHI, its successors, subsidiaries or affiliates, or their officers, directors, agents and employees to any person or entity. Mr. Browne specifically agrees not to state or suggest to any person or entity that PHI, its successors, subsidiaries or affiliates, or their officers, directors, agents or employees, have not treated Mr. Browne in a fair and equitable manner.

9.  **Waiver.** The parties agree that neither the waiver by any party of a breach of or a default under any of the provisions of the Agreement, nor the failure of any party, on one or more occasions, to enforce any of the provisions of the Agreement or to exercise any right or privilege hereunder shall thereafter be construed as a waiver of any subsequent breach or default of a similar nature, or as a waiver of any provisions, rights, or privileges hereunder.

10. **Acknowledgement Regarding Full Release.** Mr. Browne affirms that he has read this Agreement in its entirety, has had a full and fair opportunity to consider and understand its terms, and has had the opportunity to seek advice of counsel of his choice in this matter. Mr. Browne further acknowledges that he has, of his own free will, agreed to the terms hereof. Mr. Browne agrees that the Company shall not be required to pay any of the attorneys' fees in connection with events or negotiations leading to or related to the Agreement.

11. **Entire Agreement.** This is the whole Agreement between Mr. Browne and PHI regarding the severing of his employment relationship. Mr. Browne and PHI acknowledge that they are not relying on any promises or oral or written statements or representations other than those in this Agreement.

12. **Severability.** The parties agree that the invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement which shall remain in full force and effect.

13. **Miscellaneous.**

    (a)  This Agreement shall be construed in accordance with the laws of the District of Columbia, without regard to the conflict of law provisions thereof.

    (b)  Any action relating in any way to this Agreement shall be brought exclusively in a court of competent jurisdiction in the District of Columbia.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date(s) set forth below.

For Pepco Holdings, Inc.

_____          _____
Philip A. Browne                                                    William M. Gausman
                                                                              Vice President Asset Management
                                                                              PHI Service Company

_____          _____
Date                                                                         Date

**ELECTION TO EXECUTE PRIOR TO EXPIRATION OF**

## TWENTY-ONE DAY CONSIDERATION PERIOD

I, Philip A. Browne, understand that I have at least twenty-one (21) days within which to consider and execute the foregoing Separation Agreement and General Release of Claims. However, after having an opportunity to consult counsel, I have freely and voluntarily elected to execute the Agreement before the twenty-one (21) day period has expired.

_____                    _____
Date                                        Philip A. Browne

Attachment A

William M. Gausman
Vice President, Asset Management
PHI Service Company
701 9th Street, N.W.
Washington, D.C. 20068

Dear Mr. Gausman:

I hereby resign my employment with PHI Service Company, effective immediately.

Sincerely,

_____
Philip A. Browne

_____
Date