Philip A. Browne, P.E.
15401 Langside Street
Silver Spring, MD 20905

December 15, 2004

Mr. Ernest Jenkins
Vice President, People Strategy & Performance Improvement
PHI Service Company
Room No. 9211
701 9th Street, NW
Washington, DC 20068

Dear Mr. Jenkins,

<u>Petition to Vacate Decision Making Leave (DML)</u>

    I am hereby petitioning to have the Decision Making Leave issued to me on July 29, 2004, rescinded to clear my work record and to be issued an apology by PEPCO, including my former manager, Kenneth Farrell. I believe that the DML was intentionally issued as retribution for my efforts in 1) requiring PEPCO to respond to five specific human resources concerns, 2) in pursuing an external relief to a claim of racial discrimination, 3) in supporting bargaining unit employees who made quests for handicapped and equitable parking at Benning Service Center (Building No. 59), and 4) job reclassification for two of my employees. I have also highlighted the time line (Table 1) of pertinent dates/events to show the pattern of senior managerial action/inaction which were intended to silence, defame or otherwise belittle me both personally and professionally.

    Other than OR in addition to institutional racism, I also attribute the DML to my lack of securing one or two recently filled positions for Operations (Construction) Manager. With undergraduate and graduate degrees in Civil Engineering (the most relevant discipline for Construction) and being a registered Professional Engineer in Maryland PLUS three decades of experience, including over twenty five years in the planning, design and management of construction related activities, I have the greatest concern when one of the selectees, to my knowledge, has little or no experience, was not a second tier (supervising others who supervise) supervisor, as required, any of his PEPCO assignments, has no graduate degree and is not a registered engineer.

Unfortunately, it appears as if PEPCO continues to perpetuate the same racial discriminatory hiring practices, with the few token exemptions, to which many of us have become attuned. I am also requiring your investigation of this situation relative to the DML.

With respect to the Time Line, itemized in Table 1, I do vividly recall Mr. Farrell's acknowledgment of the original letter's date of March 31, 2004 in early April 2004, since reference was made to him and I believe that he would have been informed by the addressee, shortly after receipt. As my immediate manager, I also sensed a change of attitude towards me from the date of the letter, culminating in the DML. I have also requested PHI/PEPCO's written policy on a supervisor communicating with union officials, to NO avail. I therefore, level a charge of racial discrimination against Mr. Farrell specifically, and will, with legal advice, seek an external remedy, if none is forthcoming from PEPCO.

Furthermore, my attorney Jerome Clair had sent communication on July 16, 2004 to PEPCO (Jill Flack) requesting that Mr. Farrell not to take any retaliatory action against me, following my meeting with Mr. Farrell, Ms. Appuglies and Mr. William Gausman, that can be characterized as a "lynching".

Finally, I reiterate my petition to have the Decision Making Leave issued on July 29, 2004 to be vacated from my record. Your earliest attention to the above is solicited.

Sincerely,

*Philip A. Browne*

PHILIP A. BROWNE, P.E.
Supervisor, Engineering Liaison
Distribution Engineering – DC

c.c.   * Personal Attorney, Jerome Clair
       * Office of Human Rights, D.C. Gov't., Melissa Sharpe-Jones, Investigator
       * Eileen Appuglies, Manager Employee Services